F. G. McMULLEN, *Appellant*, v. FORT PIERCE FINANCING & CONSTRUCTION COMPANY, a Corporation, *Appellee*.

146 So. 567.

Opinion filed February 28, 1933.

Re-hearing denied. Marh 9, 1933.

*G. P. Garrett* and *Baxter Goodlett*, for Appellant;

*Milam, McIlvaine & Milam*, for Appellee.

BROWN, J.—The Appellee has heretofore filed a motion to dismiss the appeal in this case on the following grounds:

1. That appellant accepted the benefits of the decree.
2. That appellant enforced the final decree.

3. That appellant collected the monies awarded him by the final decree.

4. That appellant is estopped to appeal from said decree.

5. That the appellant disposed of his interest in the subject matter of this suit.

6. That the appellant has assigned his interest in said decree.

It appears from the records in the case that some years ago Appellant, F. G. McMullen, at that time president of the FORT PIERCE FINANCING & CONSTRUCTION COMPANY, purchased certain water front lands in his name as trustee for said corporation, appellee in this case. The Company paid the purchase price of these lands and spent considerable money in the reclamation and development thereof. Throughout this period, the company paid McMullen a salary for his services as president. These services were terminated in 1929. The company filed its bill to have the trust declared and to compel the conveyance of the lands by McMullen to the company. McMullen filed a counter-claim, alleging that a large sum was owing to him by the company for his services as trustee, and asked that a lien be declared to him on the lands. The company filed a replication, denying any indebtedness whatever to McMullen, and strongly resisted any allowance to him. Voluminous testimony was taken. On February 16, 1932, the Circuit Court rendered its decree. It awarded the company the relief prayed for, but also awarded McMullen's counter-claim to the extent of $4,500, as being what the court found to be reasonable compensation for McMullen's services in the capacity of trustee. The decree provided that the complainant pay to McMullen the $4,500 within 30 days, else the lands might be sold to satisfy the lien which the court imposed upon said

lands in McMullen's favor to secure the payment of said $4,500, and that "F. G. McMullen shall be at liberty to apply to this court for an order appointing a special master. to make such sale and for such other relief as may be necessary to enforce this decree with respect to said lien."

. Before the 30 days expired garnishments were served on complainant, one of them being based on a judgment against McMullen for $6,740. On July 4th, 1932, McMullen petitioned the court to enforce the decree and to appoint a special master to sell the land, and further prayed the court to grant to him such further relief as might be necessary to enforce said decree with respect to said lien. Hearing on this petition was set for July 13, 1932. On that day the plaintiff answered, setting up the garnishments, bringing and tendering into court the sum necessary to pay the decree, and prayed for a satisfaction of the lien and its exoneration from the decree. Thereafter, at the same hearing, the attorney for Mr. McMullen filed a petition wherein he claimed said sum as attorney's fee earned wholly in and about said suit in the procuring of said final decree, and moved the court that said sum be paid directly to him, alleging that applicant had theretofore on the same date filed with the court within authority from McMullen for the payment of said sum to said attorney. Appellee claims that this written authority was an assignment of the judgment of decree, being dated a. month before McMullen moved for the enforcement of the decree. On the other hand appellant contends that the. instrument in question was not an assignment of the decree, but an assignment only of the $4,500 payable to McMullen pursuant to the terms of said decree. As we view it, it makes little difference so far as this motion to dismiss is. concerned, which of these contentions is correct.

The court made an order allowing the lien for attorney's fees on the judgment, and directed the payment of the amount of the decree to McMullen's said attorney. The complainant made the payment as directed by the court; whereupon the court ordered that said lands stand free of said lien, and from any claim of said defendant McMullen, or any person claiming by, through, or under him, and directed McMullen to execute satisfaction of judgment, else the decree should stand as such satisfaction, declaring that the lien for attorney's fees was superior to the garnishments, and absolved complainant from liability under such garnishments.

Thereafter McMullen appealed from the final decree and also from certain interlocutory orders on pleadings, made prior to the final decree; also from the order supplementary to the final decree, in so far as the court ordered that such payment should be a satisfaction of said decree.

In due season, motion to dismiss said appeal was filed in this court upon the grounds hereinabove stated.

It is a well settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on writ of error or appeal. His conduct amounts to a release of errors. His acceptance of payment, or enforcement, of the judgment or decree, is a waiver of errors and estops the successful party from appealing. 2 Enc. pl. & pr. 174-176; 2 R. C. L. Sec. 44, 45, p. 61-63; 3 C. J. Sec. 552 pp. 679-80.

Appellant concedes the general rule above stated, but contends that he comes within two exceptions to this general rule. The first exception upon which he relies is that the general rule above stated does not apply where the decree

appealed from consists of two separate, distinct and unrelated parts, the disposition of either of which can in nowise effect the decision as to the other. We fail to see in what respect appellant can obtain any comfort from this exception. This case does not fall within it.

Furthermore, accounting suits are generally single, not severable controversies. See Robards v. Lamb 76 Mo. 192; in re Sachlebern, 80 S. W. 737; Williams v. Richards, 53 N. E. 765; Shavers Estate, 63 Pac. 340; Hubbell's Estate. 9 Pac. (2nd) 173.

Appellant also contends that there is another exception to the general rule which would save the appeal from dismissal, to-wit: That the general rule does not apply when an amount found in favor of a litigant by a judgment or decree is due him in any event—when there is no controversy over his right to receive and retain it—so that the only question to be determined by the appellate tribunal is whether he is or is not entitled to a greater or additional sum (citing note at 29 L. R. A. [N. S.] p. 30).

Nor does appellant come within this exception, if it might be deemed such. Appellant's counter-claim in this case amounted to a suit for an accounting growing out of a single transaction, the employment expressly or by implication, of McMullen as trustee for the corporation and his claim for lien on the corpus of the trust estate for compensation and reimbursement. What was sought by the counter-claim was an accounting by the company, a determination of the amount due to McMullen, a decree therefor, and the imposition of a lien on the land involved as security, and the sale of the property to satisfy the lien so adjudged. This relief was awarded McMullen. It is true the amount decreed to him was less than he claimed, but the accounting was had and the sum of $4,500 was adjudged and decreed to be due him, he

was given a lien therefor, and provision was made for an enforcement of the lien. It cannot be said that any amount was ever admitted by the appellee to be due McMullen. Appellee stoutly contended that all the services rendered by McMullen came within the scope and purview of his powers and duties as president and manager of the corporation, for which he was paid an adequate salary. Any allowance whatever to him was bitterly resisted.

There is authority for the proposition that where there is no controversy as to the amount awarded by the judgment, and the plaintiff is entitled to that much in any event, the acceptance by the plaintiff of such uncontroverted sum so awarded him by the judgment is not a bar to an appeal, for such amount was concededly due him. 3 C. J. 680; 2 R. C. L. 63. For instance in a case where the plaintiff sues for $1,000, and the only defense is a plea of set-off for $500.00 and judgment is rendered for the $500.00 remaining, the acceptance by the plaintiff of the $500.00 thus awarded would not be a bar to an appeal, for in such case he has only accepted a sum which the defendant conceded to be due him. But that is far from being the case here.

Nor is this controversy severable into distinct parts, so that the acceptance of one part of the judgment is not inconsistent with an appeal from the other. See Gilfillan v. McKee, 159 U. S. 307, 40 L. Ed. 161.

It is perfectly plain therefore that appellant could not avail himself of the decree in his favor by accepting the fruits thereof, and then appeal from such decree on the ground that the Chancellor had not awarded him as large an amount as he deemed himself entitled to. From a decree of this sort McMullen could only have appealed by refusing to accept the fruits of the decree. He could not accept such fruits and also appeal. He could not eat his cake and have

it too. He could not seek to enforce the decree in his favor and then seek to have it reversed.

For the reasons above pointed out, appellee's motion to dismiss the appeal in this cause will be granted and the appeal dismissed.

Appeal dismissed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.