PER CURIAM.
The appellee has moved to strike the third point of appellant’s brief upon the ground that the point questions the propriety of the financial allowance made for the appellant in a final decree of divorce and the appellant has accepted payment of sums awarded her in the final decree for alimony and expenses. It was established by the Supreme Court of Florida in Brooks v. Brooks, Fla. 1958, 100 So.2d 145, that under these conditions the appellant-wife has waived her right to appeal from the decree with respect to such awards. The appellant has admitted the acceptance of the benefits under the decree, but has urged that Florida Appellate Rules, Rule 3.8 as amended (effective July 7, 1961) 31 F.S.A. obviates the waiver rule as set forth in Brooks v. Brooks, supra. The rule, as amended, is as follows:
“(b) If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to super-sedeas only by the appellate court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”
It is apparent that in order to bring herself under the quoted rule it is necessary for the appellant to apply to the lower court for an order requiring the payment of the separate maintenance, support or alimony pending such appeal. Because no such application was made in this case appellant’s point number three may not be considered by this court and the same is stricken.
All other grounds of appellee’s motion to strike are denied.
It is so ordered.