141 So.2d 591 (1962)
Rachel B. CARTER, Appellant,
v.
J.M. CARTER, Appellee.
No. D-200.
District Court of Appeal of Florida, First District.
March 8, 1962.
*592 Lowry & Andrews, Gainesville, for appellant.
A.K. Black, Lake City, for appellee.
WIGGINTON, Judge.
This cause is before the court on appellee's motion to dismiss the appeal.
Appellee husband instituted suit for divorce against appellant who answered, denying the allegations of the complaint and counterclaiming in her own behalf. She prayed for a decree of divorce, custody of the children, alimony and support money, an interest in the property accumulated by the parties during their marriage, court costs and counsel fees. During the pendency of the suit in the trial court, the parties entered into a written agreement which recognized the divorce proceeding then in litigation, and recited that they were desirous of settling between themselves the personal and property rights growing out of their marriage relationship. Under the terms of this contract it was agreed that appellant should be awarded custody of the children; that appellee would pay to appellant a stated sum of money as alimony and support for the children in the event a final decree of divorce is entered; that appellee would convey to appellant certain described real and personal property; that appellee would pay to appellant stipulated sums of money on stated future dates and would procure and maintain certain described insurance policies for the benefit of appellant and the children; that appellee would provide a college education for each of the children and would pay an agreed sum as attorney's fees for the services rendered by appellant's attorney in the cause.
At the final hearing appellee offered testimony in support of the allegations of his complaint, and although appellant was present and represented by counsel, she offered no evidence in opposition to that submitted by appellee, nor did she offer any evidence in support of her counterclaim. The agreement mentioned above was received in evidence as part of appellee's proof. The chancellor entered a decree awarding appellee a divorce, ratifying and confirming in all respects the agreement entered into between the parties, and ordered appellee to promptly discharge the obligations assumed by him under the terms of the agreement by transferring and paying over to appellant the property, money and other benefits called for therein.
Subsequent to the rendition of the final decree appellee fully executed the agreement by complying in all respects with the duties and obligations devolving upon him thereunder. All money, property and other benefits accruing to appellant as contemplated by the agreement were received and accepted by her. Appellant thereafter appealed and assigned as error that provision of the final decree which awarded appellee a divorce, but has not assigned as error any of the remaining provisions of the decree under which she received substantial benefits.
Appellee has moved to dismiss the appeal on the ground that appellant has accepted the benefits accruing to her under the final decree in accordance with the terms of their agreement, and she is now estopped to attack the validity of that provision of the decree which granted appellee a divorce.
It is a well established principle of law prevailing in this state that where a *593 party recovering a judgment or decree accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on appeal. His conduct amounts to a release of errors. His acceptance of payment or enforcement of the judgment or decree is a waiver of error, and estops the successful party from appealing.[1] If under such circumstances an appeal were permitted which resulted in a reversal of the judgment or decree subjected to review, there would be no means by which the status quo of the parties could be restored, and would give the prevailing party an inequitable and unjust advantage over his unsuccessful adversary.[2] The foregoing principle applies to appeals from decrees awarding alimony or questioning the propriety of a divorce or other provisions of the decree the same as it does to other civil suits, in the absence of a contrary statute or court rule.[3]
In recognition of the principle above stated, it has been held that a wife will be estopped from questioning by appeal the validity of a decree of divorce where, after the decree was entered in the court below, she brought an action against her former husband to recover property, the exclusive possession of which could be rightfully claimed by her only on the ground that the bonds of matrimony had been legally dissolved and were no longer binding between them, and recovering a judgment therefor which has not been appealed.[4]
On July 7, 1961, the Supreme Court of Florida amended Rule 3.8(b), Florida Appellate Rules, 31 F.S.A., which amendment is as follows:
"(b) If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to supersedeas only by the appellate court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys' fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed."
The foregoing amendment was made for the purpose of enabling a divorced wife to receive subsistence pending an appeal from a divorce decree without prejudicing her rights by estoppel to question the correctness of any of the terms or provisions of the decree appealed. This amendment is in recognition of the principle that a wife may not accept the benefits of alimony awarded to her by a final decree of divorce, and at the same time question the validity of the decree on appeal. Implicit in the rule is the conclusion that if alimony awarded to a wife in a final decree of divorce is accepted by her as such, she is estopped to question either that or any other provision of the final decree by appeal.
In opposition to appellee's motion to dismiss appellant relies on a decision of the Supreme Court rendered in Stoneburg.[5] In that case, a wife appealed from a final decree *594 granting to her husband a divorce and awarding her lump sum alimony and counsel fees. She assigned all provisions of the decree as error. In this decision the Supreme Court passed upon the sufficiency of the evidence to support the decree of divorce, and affirmed. The court held, however, that since the wife had accepted the alimony awarded her in the decree, she was estopped on appeal to question its sufficiency. Estoppel was not invoked against the wife's right to have the validity of the provision relating to the divorce reviewed on appeal, as this question was not raised nor passed upon by the court. We do not consider this decision as authority in support of appellant's right to seek appellate review of the decree appealed in this case.
Appellant also relies upon the decision of the Supreme Court in Weatherford to support the propriety of this appeal.[6] In Weatherford the husband appealed from a final decree granting a divorce to his wife and awarding her possession of the family home, alimony, court costs and counsel fees. While the appeal was pending the husband remarried, whereupon the wife immediately moved for a dismissal. The husband then filed a formal abandonment of his assignments of error assaulting the provisions of the decree which granted the divorce. The Supreme Court denied the motion to dismiss the appeal and held that although the husband could not question the provision of the decree relating to divorce in view of his remarriage, he was not estopped to question the correctness of those provisions of the decree relating to possession of the home, alimony and counsel fees. Appellant contends that this case supports her position that by accepting the benefits accruing to her under the final decree, none of which have been assigned as error on this appeal, she should not be estopped to question the validity of that provision of the decree which granted appellee a divorce. We do not think Weatherford supports appellant's position in this regard. In Weatherford the decree of divorce was granted the wife and not the husband. It can hardly be said that he accepted the fruits of the decree by remarrying, and should thereafter be estopped from attacking those provisions of the decree respecting alimony and counsel fees. A reversal of the latter provisions of the decree would have no effect on the divorce itself, nor would the reversal require a restoration of the status quo of the parties, nor result in an inequitable or unjust advantage to the prevailing party on appeal. The court correctly ruled that the husband was estopped to question the validity of that provision of the decree which granted the wife a divorce because of his remarriage. Such estoppel more properly rises as a matter of public policy, for if such appeal had been permitted and the decree of divorce reversed, the effect would be to render invalid appellant's subsequent marriage and also render illegitimate any children born to appellant during the pendency of the appeal. Lest this conclusion appear fanciful, let us acknowledge in all candor the possibility that an entire generation of children could be born during the time occasionally required for an appeal to wend its tortuous way through the appellate court system of our state.
It cannot be questioned but that the agreement entered into between the parties to this appeal was in recognition of the divorce proceeding then pending, and was in anticipation that a final decree of divorce would ultimately be rendered. Appellant's entitlement to the benefits accruing to her under the agreement could rightfully be claimed by her only in the event that the bonds of matrimony then existing between the parties were dissolved by decree of the court. The provisions of the final decree which required appellee to pay over and transfer to appellant the money, property and other benefits enumerated in the agreement were directly related to and dependent upon that provision *595 of the decree which granted plaintiff a divorce. The wife has now accepted all and singular the benefits to which she is presently entitled under the decree, and the parties' rights under the contract have now been fully and finally adjudicated. Should we entertain this appeal from only that provision of the decree which grants appellee a divorce, and ultimately conclude that the decree is erroneous and should be set aside, there would be no way in which the status quo of the parties could be restored. Such a reversal would work an inequitable and unjust hardship upon appellee, and would defeat rather than promote the ends of justice.
For the foregoing reasons the motion of appellee to dismiss the appeal is granted, and an appropriate order will accordingly be entered.
CARROLL, DONALD K., C.J., and STURGIS, J., concur.
NOTES
[1] McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567.
[2] In re Frederis, Inc., (Fla.App. 1958) 101 So.2d 49.
[3] Brooks v. Brooks, (Fla. 1958) 100 So.2d 145; 27B C.J.S. Divorce § 284(2) b, p. 220.
[4] 2 Am.Jur., Appeal and Error, § 219, p. 981.
[5] Stoneburg v. Stoneburg, 120 Fla. 188, 162 So. 334.
[6] Weatherford v. Weatherford, (Fla. 1956) 91 So.2d 179.