141 So.2d 288 (1962)
W.E. RAYLE, Appellant,
v.
William H. MERRILL and Stella L. Merrill, Appellees.
No. D-156.
District Court of Appeal of Florida, First District.
April 10, 1962.
Hull, Landis, Graham & French, Daytona Beach, for appellant.
Duffett & Stanier, Daytona Beach, for appellees.
WIGGINTON, Judge.
This cause is before the court on appellees' motion to dismiss the appeal.
Appellant instituted a suit in equity seeking to establish a constructive or resulting trust in a parcel of real estate alleged to have been purchased by the parties and in which they each own an undivided one-half interest. It was also prayed that appellees be required to specifically perform the agreement between the parties by conveying to plaintiff the interest claimed by him. The complaint sought judgment for damages suffered by plaintiff as a result of defendants' failure to comply with the alleged agreement.
On final hearing the chancellor rendered a decree finding the equities of the cause to be with appellees and denying appellant's prayer for specific performance and for establishment of a resulting or constructive trust. The decree did find, however, that appellees were indebted to appellant for money advanced by appellant in connection with the acquisition and operation of the property in dispute, for which judgment was entered in appellant's favor. Subsequent to entry of the final decree appellant demanded of and received from appellees payment in full of the judgment awarded by the decree.
The motion to dismiss the appeal is premised upon the contention that having accepted the benefits of the decree awarded him, appellant is estopped to question by appeal its correctness.
In the recent decision rendered by this court in the Carter case[1] we recognized the principle of law prevailing in this jurisdiction that where a party recovering a judgment or decree accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on appeal. His conduct amounts to a release of errors. His acceptance of payment or enforcement of the judgment is a waiver of error, and estops the successful party from appealing. It was there pointed out that if under such circumstances an appeal were permitted *289 which resulted in a reversal of the judgment or decree subjected to review, there would be no means by which the status quo of the parties could be restored, and would give the prevailing party an inequitable and unjust advantage over his unsuccessful adversary. Appellant's entitlement to payment of the judgment awarded him by the decree under assault was dependent upon the validity of the decree in its entirety. Having accepted payment of the judgment, appellant is now estopped to question its correctness.
The motion to dismiss the appeal is granted, and an order of dismissal will be entered accordingly.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] Carter v. Carter, Fla.App., 141 So.2d 591.