STURGIS, Chief Judge.
This is an appeal from an order granting the appellee, defendant below, a new trial. *676 On motion of appellee tlie appeal is dismissed.
The order appealed reflects that as a result of neglect and misunderstanding on the part of counsel for defendant at the time of the trial, no one appeared on behalf of the defendant as counsel, witnesses, or otherwise. On motion of defendant for a new trial the lower court examined certain depositions, interrogatories and answers thereto on file in said cause, none of which were presented to the. jury, and determined therefrom that it was reasonable to believe that the jury might have reached a different conclusion and verdict if the same had been introduced in evidence at the trial. The order granting a new trial also reflects that defendant’s present attorney confessed liability of the defendant, and it was ordered that on the new trial the issue should be limited to the amount of damages to be paid by the defendant to the plaintiff. The order also required defendant to pay to plaintiff the costs of the former trial and the sum of $500.00 to plaintiff’s attorney of record, and states that the defendant consented to make such payments. The order was subsequently amended by adding, as a ground for granting the new trial, that the verdict does not accord with the substantial justice of the cause.
It is apparent that the payment of said sums by defendant was intended as a condition precedent to the granting of the new trial. The motion to dismiss reflects and it is not contested that defendant paid $500.00 to plaintiff’s attorney by check and that he received the proceeds thereof. While we are not aware of any rule of law authorizing the trial court to require payment of such an attorney’s fee as a condition for granting a new trial, the provision is not challenged by the motion under consideration and we do not undertake to resolve it. The fact is, nevertheless, that in this instance the plaintiff by accepting such payment impliedly agreed to the terms and conditions of the order granting the new trial and under such circumstances is estopped to prosecute this appeal. Her. conduct amounts to a waiver of error. Rayle v. Merrill, 141 So.2d 288 (Fla.App.1962).
The motion to dismiss this appeal should be and it is hereby granted.
. WIGGINTON and CARROLL, DONALD K., JJ., concur.