STURGIS, Chief Judge.
Appellee seeks dismissal of this appeal on the ground that appellant has accepted all benefits of the final decree of divorce entered October 18, 1963, including alimony *27 payments over a period of several months following that date and payment of the fee allowed for the services of her attorney.
In Carter v. Carter, Fla.App., 141 So.2d 591, we dismissed the wife’s appeal on the authority of McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567. Wigginton, J., speaking for the court, pointed out that Rule 3.8(b), Florida Appellate Rules, was amended on July 7, 1961, 31 F.S.A., so as to enable an appellant wife, upon motion to and order of the trial court, to receive subsistence pending an appeal from a divorce decree without becoming estopped to question the provisions of the decree, and in that connection said:
“Implicit in the rule is the conclusion that if alimony awarded to a wife in a final decree of divorce is accepted by her as such, she is estopped to question either that or any other provision of the final decree by appeal.”
Adhering to the rule in Carter, we dismissed the appeal in Rayle v. Merrill, Fla. App., 141 So.2d 288, holding there that one who voluntarily accepts the benefits of a judgment or decree is estopped from seeking reversal thereof on appeal; that such conduct amounts to a release of errors.
Appellant’s reply to the instant .motion to dismiss admits that she accepted the mentioned payments and reflects that on April 1, 1964, she filed in the lower court a motion for an order fixing the amount and conditions of a supersedeas bond and on April 2, 1964, filed a motion to require the appellee, pending the appeal, to continue the payment of alimony in such amounts and under such terms and conditions as may be just and equitable. On April 2, 1964, said motions were denied.
Appellant’s reply to the motion to dismiss incorporates a motion praying that this court enter an order pursuant to Florida Appellate Rule 3.8(b) and Rule 5.10 requiring the appellee, pending this appeal, to continue the payment of alimony in such amount and under such terms and conditions as may be just and equitable. It is not shown that the trial court abused its discretion in denying appellant’s belated motion under Rule 3.8(b) and Rule 5.10 has no application to the situation under consideration. Said motion is denied.
 In order to escape the rule announced in Carter v. Carter, supra, and obtain the relief contemplated by F.A.R. 3.8(b), it is necessary to make timely application to the trial court for payment of separate maintenance, support or alimony-pending an appeal from a final decree providing benefits as in this case. Where it manifestly appears that appellant has failed to so apply and has accepted the benefits of the decree appealed, as is the situation in the instant case, she is estopped to maintain the appeal. Accordingly, appellee’s motion should be and it is granted, and this appeal is hereby
Dismissed.
WIGGINTON and RAWLS, JJ., concur.