CARROLL, DONALD K., Judge.
The plaintiff in a divorce suit has filed this interlocutory appeal from a post-de-cretal order entered by the Circuit Court for Duval County modifying the alimony provision of the final decree of divorce. The appellee has filed with us a motion to dismiss the appeal.
The stated grounds for the said motion are, first, that the appellant has failed to assign error in accordance with paragraph (c) of Rule 3.5 of the Florida Appellate Rules, 31 F.S.A.; and, second, that the appellant has waived her right to appeal from the said order because of her having accepted the payment from the appellee of the sums awarded her in the final decree of divorce as modified by the said order. Attached to, and in support of, the said motion to dismiss is an affidavit of the ap-pellee’s attorney (sworn to on April 10, 1964) stating that, pursuant to the terms of the said order, which was entered on January. 17, 1964, the appellee was required to make payments to the appellant in the sum of $400 per month commencing on *316 February 1, 1964; that the appellee has faithfully performed such obligation and has paid to the appellant the said sum per month for alimony, commencing on February 1, 1964; and that the appellant has accepted the payments of alimony for the months of February and March 1964, all subsequent to the entry of the said order modifying the alimony payments.
As to the first ground of the ap-pellee’s motion to dismiss — pertaining to the sufficiency of the appellant’s assignment of error — we think this point is not well taken. The appellant’s single assignment of error reads: “The Court erred in its Order Modifying Alimony Payments of January 17, 1964, in ordering a reduction of alimony payments by the defendant to the plaintiff.”
Prior to the adoption by the Supreme Court of Florida in 1962 of an amendment to paragraph c of Rule 3.5, Florida Appellate Rules, such an assignment of error would probably have been of questionable validity under numerous decisions of the appellate courts of Florida construing the former rule, such as our decision in Hornsby v. Tingle, 134 So.2d 540 (1961).
When the Supreme Court of Florida amended Rule 3.5, effective July 1, 1962, a very different and much broader standard was established for testing the validity of assignments of errors. Paragraph c of the said rule as thus amended now reads: “Essentials. The assignments or cross assignments of error shall designate identified judicial acts which should be stated as they occurred; grounds for error need not be stated in the assignment.” This amended rule is applicable to the present appeal, which was instituted on March 12, 1964.
Applying the above amended rule to the assignment of error in the case on review, we think the said assignment is sufficient.
The second ground for the appel-lee’s motion to dismiss — the appellant’s es-toppel by accepting the benefits of the order appealed from — cannot so easily be disposed of. In fact, although the decisions are legion in which the courts have recognized and applied the doctrine of estoppel, we have found no case in which this question has been ruled on in circumstances sufficiently similar to those confronting us in the present appeal.
In several decisions we have recognized and applied the firmly-established principle that, where a party recovering a judgment or decree accepts the benefits thereof voluntarily and knowing the facts, he is thereafter estopped to seek a reversal of such judgment or decree on appeal; that such conduct amounts to a release of errors.
Typical of the cases applying this rule of estoppel is our decision in Carter v. Carter, 141 So.2d 591 (1962), a divorce suit in which we held that the appellant wife, who accepted the benefits under a settlement agreement incorporated into the husband’s divorce decree, was estopped from appealing from the said decree, so we dismissed her appeal. We have ruled similarly in Rayle v. Merrill, 141 So.2d 288 (1962), and Claus v. Claus, 163 So.2d 26 (1964).
While this doctrine has apparently found its most common application in suits for divorce, the leading cáse in Florida recognizing this doctrine is McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567 (1933), which was a suit to declare a trust and to compel the conveyance of lands. In that case the Supreme Court of Florida held:
“It is a well-settled doctrine that, where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on writ of error or appeal. His conduct amounts to a release of errors. His acceptance of payment, or enforcement, of the judgment or decree, is a waiver of errors and estops the successful par *317 ty from appealing. 2. Enc.Pl. & Pr. 174-176 ; 2. R.C.L. §§ 44, 45, pp. 61-63; 3 C.J. § 552, pp. 679, 680.”
Beyond question, then, this doctrine is deeply rooted in the jurisprudence of Florida. We have found no case, however, from this state or elsewhere in which the doctrine was applied or discussed in a situation similar or analogous to that presented to us in the present appeal.
The record before us shows that on December 13, 1951, the Circuit Court entered in the instant suit a final decree granting a divorce to the plaintiff (the appellant herein) and providing in Paragraph 5 thereof that the defendant pay to the plaintiff $500 monthly as alimony. Recently the defendant filed in the cause a petition for modification of the final decree, and on January 17, 1964, after a hearing on the petition, the court entered the order appealed from, decreeing that the said final decree be “modified respecting monthly alimony payments provided in Paragraph ‘5’ of said Decree, by reducing the same to the sum of $400.00 per month commencing February 1, 1964.” In the said order the court also retained jurisdiction of the subject-matter and the parties in order to make further orders “as later may be just and proper.”
Pursuant to the order appealed from, as mentioned above, the defendant tendered to the plaintiff the monthly alimony payments of $400 each for the months of February and March of 1964, and the plaintiff accepted the said payments, according to the affidavit executed on April 10, 1964, and attached to the appellee’s motion to dismiss. The appellant has not filed in this appeal any affidavit or other evidentiary document controverting the statement in the said affidavit, so we must accept the said statement as true and correct.
This court, as well as the other appellate courts of Florida, is committed to the doctrine that an appellant who accepts the benefits of a decree or order is estopped afterwards to seek a reversal of that decree or order. Among the many Florida cases recognizing and applying that doctrine are McMullen v. Fort Pierce Financing & Construction Co., supra; Brooks v. Brooks, 100 So.2d 145 (Fla., 1958); In Re Fredcris, Inc., 101 So.2d 49 (Fla.App., 1958); Hadley v. Hadley, 140 So.2d 325 (Fla.App., 1961); Carter v. Carter, supra; Rayle v. Merrill, supra; and Claus v. Claus, supra. In Hartley v. Hartley, 134 So.2d 281 (1961), the Second District Court of Appeal, however, recognized the said doctrine as “well settled” but said that “ * * * is not applicable where there is no controversy as to the amount awarded by the judgment, and the party is entitled to that much in any event.” As we view the posture of the instant appeal at its present stage, we are not prepared to hold as a matter of law that there is no controversy as to the amount awarded by the order appealed from nor that the appellant is entitled to that much in any event.
In the case before us, it may be said, of course, that the post-decretal order appealed from had the effect of reducing the amount of monthly alimony payments from the amount of such payments provided for in the final decree of divorce. In the preceding sentence we use the word “reducing” as a convenient word with which to describe the effect of the said order in relation to the alimony provision in the said final decree. This is, we think, substantially a matter of semantics, for it is equally truthful (and more accurate juris-prudentially) to say that in the order appealed from the chancellor found from the evidence that the amount of $400 per month is the just and proper amount of alimony to be paid to the appellant. Thus placing the said holding in its true perspective, we can see no sound reason for disregarding the estoppel doctrine that is so firmly fixed in the law of this state. We are not authorized to engraft exceptions to this doctrine when we feel that its application in a particular case does not accord with our notions of what the right result should be.
*318 In our opinion, the basic principle underlying that doctrine is applicable to the present appeal — the equitable principle that a litigant should not be allowed to enjoy the benefits of a court’s decision while at the same time seeking to destroy or change that decision through the appellate process in our courts of justice. A lesser aspect of the underlying principle is roughly expressed in the commonplace sayings that one cannot “blow hot and cold at the same ■time” and cannot “have his cake and eat at, too.”
The only aspect of our holding herein that gives us pause is the consideration that in many instances wives might be. unable to support themselves pending their appeals if they could not safely accept the alimony payments provided for in the order or decree appealed from. Fortunately, this consideration is no longer a material one on account of the redress afforded by an amendment adopted in 1962 by the Supreme Court of Florida to Rule 3.8 of the Florida Appellate Rules. In that year the Supreme Court added Paragraph \(b) to that rule, which paragraph provides:
“If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in ■such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to supersedeas only by the appellate court ■upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”
It is readily observed that the foregoing rule is applicable not only to final decrees which award a wife stated sums for alimony, support, or separate maintenance, but is equally applicable to any order which serves the same purpose. Alimony, support, or separate maintenance may be awarded a wife on a temporary basis by an interlocutory order entered prior to final decree, or by a post-decretal order entered after final decree. The amount awarded in either category may be increased or decreased from time to time according to the necessities of the wife and the financial ability of the husband to respond. A wife who is dissatisfied with the amount awarded her in either an interlocutory order, a final decree, or a post-decretal order, may seek review thereof by appeal. Under the rule of estoppel here-inabove discussed, such wife may not accept the sums awarded her in the order or decree upon which she makes an appellate assault without forfeiting her right to appellate review. If her necessities are such as to require it, she may comply with the provisions of the above-quoted rule and secure an order requiring payment to her of support, alimony, or maintenance pending her appeal. In so doing, her right to appellate review of the questioned order or decree is not subject to forfeiture by estoppel.
This amended rule was in effect when the order appealed from herein was entered and when the appellant filed the present appeal, yet she failed to make use of the provisions thereof by timely application to the Circuit Court as contemplated in the quoted provision.
For the foregoing reasons, the appel-lee’s motion to dismiss this appeal on the ground of estoppel should be, and it is, granted, and this appeal is hereby
Dismissed.
WIGGINTON, J., concurs.
*319 STURGIS, C. J., dissents.