WIGGINTON, Acting Chief Judge.
This case is before the court on appel-lee’s motion to dismiss the appeal taken by appellant from a final decree of divorce. The decree appealed ordered and adjudged that appellee pay to appellant the sum of $325.00 per month as alimony and $125.00 per month for the support and maintenance of their minor child of whom appellant was awarded custody. Appellant was also awarded the exclusive right to the use and occupancy of the home theretofore occupied by the parties, together with all furniture, furnishings, equipment and appliances situated therein, without the payment of any rent to appellee for his interest therein. Subsequent to thé entry of the final decree, appellee has fully complied with the provisions contained therein and the obligations imposed thereby. He has paid to and appellant has accepted the award of alimony and support money granted her by the final decree and has continued to enjoy the exclusive use and occupancy of the family home and furnishings without payment of rent to appellee. Appellant, after accepting the fruits of the award made her by the final decree, has appealed questioning the correctness of such decree, but has not attempted in any manner to comply with the provisions of Florida Appellate Rule 3.8(b), 31 F.S.A. which reads as follows:
"If an appeal is taken from an order or decree awarding separate maintenance, support or alimony, the lower court may in its discretion, upon proper notice and hearing, order the payment of separate maintenance, support or alimony pending such appeal in such amounts and under such terms and conditions as may be just and equitable. Such order shall be subject to super-sedeas only by the appellate court upon motion and for good cause and then only upon such conditions as shall be imposed by such appellate court, including the payment of attorneys’ fees. The acceptance of the benefits thereof shall be without prejudice to the *671 rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.”
Appellant, by her action in accepting the benefits granted her by the final decree without availing herself of the protection afforded by the above-quoted rule of appellate procedure is estopped to maintain this appeal which questions the correctness of the decree awarding the divorce, alimony and child support. The motion to dismiss the appeal must be granted under the unbroken line of decisions requiring such action as set forth in Brooks v. Brooks (Fla. 1958), 100 So.2d 145; Carter v. Carter (Fla. App.1962), 141 So.2d 591; Claus v. Claus (Fla.App.1964), 163 So.2d 26; Fort v. Fort (Fla.App. 1964), 167 So.2d 315.
CARROLL, DONALD K., J., concurs.
STURGIS, J., dissents.