CARROLL, DONALD K., Judge.
The appellant has filed a motion to dismiss the cross-appeal filed by the three individual appellees, the plaintiffs below, and to strike the cross-assignment of error filed by the said appellees in this appeal, on the ground that those appellees are es-topped to urge error in the judgment appealed from herein because they had accepted the benefits of the said judgment.
The rule invoked by the appellant in support of its said motion is the “accept- *589 anee of benefits” doctrine, firmly established in Florida, that a party who has accepted the benefits of a judgment or decree of the lower court is estopped from urging on appeal the illegality of the said judgment or decree.
The action involved in this appeal was filed in the said Circuit Court by the said individual appellees, Jacqueline L. W. Balfe, Julia Brafman Ritzwoller, and Zella C. Ritzwoller, against the appellant and the other appellees — namely, Daniel Memorial Home for Children, Home for the Aged, and St. Luke’s Hospital Association. This action was listed and referred to as Case No. 63-1S63-L in the said court. In the judgment appealed from by the appellant herein the court found that there is due from the appellant-defendant to the said plaintiffs rent in the amount of $9,-516.58 for a certain 26-month period, together with interest thereon in the sum of $718.83 “but defendant is entitled to a credit against the share of the plaintiffs in the amount of $2,640.78,” which credit is explained in the next paragraph of this opinion.
The individual appellees’ single cross-assignment of error, which the appellant has moved to strike, asserts that the said Circuit Court erred in entering the judgment appealed from in allowing the appellant “a credit of $2,640.78, being the amount of a judgment recovered by plaintiffs” in the said court in Case No. 63-1562-L.
The facts pertinent to the appellant’s said motion to dismiss and to strike are set forth in an affidavit of its attorney which has been filed in this appeal, stating substantially as follows: After the present appeal was instituted, the said appellees on November 18, 1964, swore out and secured the issuance of a writ of execution on the judgment appealed from. They placed the writ in the hands of the sheriff of Duval County with instructions to levy on the goods of the appellant. In order to prevent such levy, the appellant on January 12, 1965, secured an order from the court fixing the amount of the supersedeas bond at $10,000 and providing for a stay of the said execution until January 15, 1964. On January 14 the appellant posted the required supersedeas bond.
The foregoing facts stated in the said affidavit are generally confirmed in an affidavit of the attorney for the individual ap-pellees, except that the latter attorney therein stresses the fact that “ * * * no such levy was actually physically made by the Sheriff” and the fact that, due to the said posting by the appellant of a satisfactory supersedeas bond, “ * * * execution was never effectuated by the Sheriff of Duval County, Florida, upon the goods of Appellant.”
The ground of the appellant’s said motion to dismiss and strike as stated in the said motion, is that “ * * * the judgment below was in favor of the Plaintiffs and the Plaintiffs have accepted the benefit of said judgment by suing out a writ of execution and undertaking to levy thereon, thereby requiring Appellant to post a su-persedeas bond herein, and the Plaintiffs below are now estopped to urge any error in said judgment by the filing of Cross Assignment of Error.”
In order to pass upon this contention, it is necessary for us to study in some depth the acceptance-of-benefits doctrine to determine whether it may properly be invoked to estop the said appellees under the circumstances stated above.
The leading case in Florida recognizing the said doctrine is undoubtedly McMullen v. Ft. Pierce Financing and Construction Co., 108 Fla. 492, 146 So. 567 (1933). In that case the appellant, McMullen, had purchased certain lands in his name as trustee for the appellee, a corporation, which paid the purchase price and spent considerable money in the reclamation and development of the lands. The company filed a bill of complaint to have the trust declared and to compel the conveyance to it of the lands by McMullen. The latter filed a counterclaim for a large sum due him for *590 his services as trustee. The Circuit Court rendered a decree awarding to the company the relief it had prayed for, and awarding $4,500 to McMullen on his counterclaim. Pursuant to leave granted in the decree, McMullen filed a petition to sell the land. At the hearing on the petition the company tendered into court the sum necessary to pay the decree. Thereafter, at the same hearing, McMullen’s attorney filed a petition claiming the said sum as an attorney’s fee earned in the suit, moving the court to pay the said sum directly, and alleging that he had theretofore on the same date filed with the court written authority from Mc-Mullen for the payment of the said sum to the said attorney. The court entered an order allowing the lien for the attorney’s fee on the judgment and directed the payment of the amount of the decree to McMullen’s said attorney.
Thereafter McMullen appealed from the final decree, from certain pre-decretal orders, and from the order supplementary to the final decree, insofar as the court ordered that such payment should be satisfaction of the said decree.
Near the end of its opinion in this Mc-Mullen case the Supreme Court gave the following as its reasons for dismissing Mc-Mullen’s appeal:
“It is perfectly plain, therefore, that appellant could not avail himself of the decree in his favor by accepting the fruits thereof, and then appeal from such decree on the ground that the chancellor had not awarded him as large an amount as he deemed himself entitled to. From a decree of this sort, McMullen could only have appealed by refusing to accept the fruits of the decree. He could not accept such fruits and also appeal. He could not eat his cake and have it too. He could not seek to enforce the decree in his favor and then seek to have it reversed.”
In the course of its opinion in the Mc-Mullen case the Supreme Court recognized the acceptance-of-benefits doctrine in the following language:
“It is a well-settled doctrine that, where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree ort writ of error or appeal. His conduct amounts to a release of errors. His acceptance of payment, or enforcement, of the judgment or decree, is a waiver of errors and estops the successful party from appealing. 2 Enc. Pl. & Pr. 174-176 ; 2 R.C.L. §§ 44, 45, pp. 61-63; 3 C.J. § 552, pp. 679, 680.”
It clearly appears from the above recital of the facts in the McMullen case that Mc-Mullen had actually accepted and received, through the payment to his attorney, the benefits of the final decree from which he was seeking to appeal.
In many subsequent Florida cases, the acceptance-of-benefits doctrine has been recognized, most of which cases have been appeals from divorce decrees in which the appellant had received and accepted alimony or other payments made pursuant to the said decrees. Examples of such cases are our recent decisions in Carter v. Carter, 141 So.2d 591 (Fla.App.1962), Claus v. Claus, 163 So.2d 26 (Fla.App.1964), and Fort v. Fort, 167 So.2d 315 (Fla.App.1964). In thus applying the doctrine in our opinion in the last-mentioned case we recognized that such application might sometimes seem to be harsh but pointed out that the procedural rules provide an adequate remedy (Rule 3.8 of the Florida Appellate Rules, 31 F.S.A.) for the wife in a divorce suit to obtain support money during the appeal. In 1962 the Supreme Court of Florida adopted an amendment to the said rule providing that, if an appeal is taken from an order or decree awarding separate maintenance, support, or alimony, the lower court may, upon notice and hearing, order the payment of separate maintenance, support, or alimony pending such appeal, and that *591 the "acceptance of benefits thereof shall he without prejudice to the rights of the beneficiary to raise as issues on the appeal the correctness of any of the terms or provisions of the original order or decree appealed.” There is no analogous procedural rule in Florida, however, which similarly suspends the operation of the acceptance-of-benefits doctrine when, as here, the order, judgment, or decree appealed from does not award separate maintenance, support, or alimony. In such cases, where there is no such ameliorating rule, we are not inclined to expand further the operation of the said doctrine.
Our disinclination to such expansion is even greater in a case like that before us, in which the individual appellees undisputably have never received a penny or anything of value under the judgment which is the subject of their cross-appeal, as well as of the appeal. In our opinion, they have never “accepted the benefits” of the said judgment, under either the letter or the spirit of the doctrine in question. It is true that they obtained the writ of execution, and delivered it to the sheriff with instrucions to execute it. Because of the court’s stay order and the appellant’s timely posting of the supersedeas bond, the sheriff has never executed the writ nor levied on the appellant’s property. Obviously, a purpose of a judgment creditor in securing and delivering a writ of execution to the sheriff under such circumstances, is frequently to cause the appellant to post a supersedeas bond to protect the judgment creditor pending the appeal. There was nothing irregular in such a tactic.
The parties hereto have called our attention to no Florida case, and our independent research has disclosed none, in which a court has applied the acceptance-of-benefits doctrine and held that the appellant was es-topped to appeal from a judgment when neither the appellant or his agent has actually received the benefits of such judgment. The closest any Florida court has come to such an indicated holding by way of obiter dictum, was in the language which we have quoted above from the McMullen case, concerning the enforcement of the judgment or decree. Even if the said reference had not been pure dictum in that case, we do not think that such a rule would apply in the case at bar, for here the individual appellees did not enforce the judgment in question — at most all they did was to take a preliminary step looking toward the eventual enforcement of the judgment, or, as it turned out, the inducement of the appellant to post a supersedeas bond.
Under the above circumstances and for the foregoing reasons, we think that neither the pertinent authorities nor the precepts of equity and justice justify the application of the acceptance-of-benefits doctrine to the individual appellees’ cross-appeal and cross-assignment of error. Consequently, the appellant’s said motion to dismiss and strike must be and it is
Denied.
WIGGINTON, Acting C. J., concurs.
STURGIS, J., specially concurs.