PIERCE, Judge.
Appellees have filed in this court a motion to dismiss the appeal here upon the ground that appellant has received and accepted monetary benefits awarded to her in the final decree entered by the lower court, from which she is appealing.
A brief review of the background of this case will be helpful. By her amended complaint filed in the Polk County Circuit Court, appellant, as plaintiff therein, sought specific performance against appellees, as defendants therein, requiring said defendants to perform under a previously executed contract whereby defendants had allegedly agreed to sell to plaintiff certain citrus grove land in Polk County. Plaintiff further prayed that in the alternative, if specific performance was not decreed, defendants be required to reimburse plaintiff for numerous items of monetary damages which plaintiff alleged she had incurred because of said contract and that judgment be awarded to plaintiff against defendants in such amount as the Court should find to be recoverable.
By answer, defendants contended that the contract in question was not signed by the defendants in the presence of two witnesses, that only one person had signed as witness to the signature thereon of defendant Blanche Shaw, that the premises described in the contract constituted the homestead of the defendants who were husband and wife, and that said premises also constituted an estate by the entireties; that therefore, under the laws and Constitution of Florida, said contract was void and unenforceable. The answer also denied the allegations of monetary damages on the part of plaintiff. Counterclaim was incorporated by defendants in their answer, wherein they alleged that plaintiff had sold and disposed of citrus fruit produced on the citrus grove covered by the contract and had received therefor large sums of money which was rightfully due the defendants, less a reasonable cost of necessary caretaking of the grove. Plaintiff answered said counterclaim, denying the material averments thereof.
Both plaintiff and defendants filed separate motions for summary judgment in their respective favors. The trial Judge declined to enter summary judgment, whereupon voluminous testimony was taken by and on behalf of the parties to the cause, resulting in a final decree being entered by the Court, making certain findings and adjudications. The decree found that the contract between the parties for the purchase of the real estate was executed by defendant Mrs. Shaw in the presence of only one witness, that she was not estopped to plead her statutory right, and because thereof the Court declined to decree specific performance of the contract. The decree further found that plaintiff had sustained certain items of damages for which she should be reimbursed, namely, grove care expenses, legal expenses for title examination, legal services in connection with preparation of contract and preparing for closing of the transaction, and expenses of alteration to property owned by her in Hillsborough County, all in the aggregate amount of $2,834.25, and decreeing that said amount be paid to plaintiff “from funds heretofore placed in escrow” with a Winter Haven bank pursuant to an Escrow Agreement theretofore entered into by the parties, said funds having accrued from sale of citrus fruit from the grove property described in the contract.
The final decree was entered on March 4, 1965, and on the same date plaintiff accepted and cashed a cashier’s bank check issued to her by the Winter Haven bank in question in the amount of $2,834.25. After plaintiff’s appeal from said final decree had been lodged in this Court, ap-pellees filed their motion to dismiss on the ground, as aforesaid, that plaintiff had received and accepted benefits awarded to her under the final decree which she was appealing. We must sustain such contention of appellees and dismiss the appeal.
*31 By a uniform line of cases the appellate Courts of Florida have consistently held that a party litigant cannot prosecute an appeal from an order or decree and accept benefits therefrom during the appeal. Decisive cases in Florida are: McMullen v. Fort Pierce Financing & Construction Co., 1933, 108 Fla. 492, 146 So. 567; Carter v. Carter, Fla.App.1962, 141 So.2d 591; Rayle v. Merrill, Fla.App.1962, 141 So.2d 288; Fort v. Fort, Fla.App.1964, 167 So.2d 315; and McDaniel Gift Shop, Inc. v. Balfe, Fla.App.1965, 179 So.2d 588.
In McMullen it was said:
“The appellee has heretofore filed a motion to dismiss the appeal in this case on the following grounds:
(1) That appellant accepted the benefits of the decree.
* * * * =i= *
“It is a well-settled doctrine that, where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on writ of error or appeal. His conduct amounts to a release of errors. His acceptance of payment, or enforcement, of the judgment or decree, is a waiver of errors and estops the successful party from appealing. 2 Enc.Pl. & Pr. 174-176; 2 R.C.L. §§ 44, 45, pp. 61-63; 3 C.J. § 552, pp. 679, 680. * * *
* * * * * *
“For the reasons above pointed out, appellee’s motion to dismiss the appeal in this cause will be granted, and the appeal dismissed.”
Carter was an appeal by the wife from a decree granting her husband a divorce, which decree incorporated and approved a written stipulation between the parties wherein they agreed between themselves as to their reciprocal personal and property rights growing out of the marital relationship, including payments to the wife by the husband of stipulated sums of money, and conveyance and transfer to her of certain described real and personal property, all for the benefit of the wife and the children. After the rendition of the final decree by the lower Court, the husband fully executed the agreement and the wife received the money, property and other benefits accruing to her as contemplated by the agreement. The husband moved to dismiss her appeal from said decree upon the ground that she had accepted benefits accruing thereunder and therefore was estopped to challenge the validity of that portion of the decree granting her husband a divorce, which was the only part of the decree she was appealing from. She resisted the motion to dismiss, contending that she was-not challenging the correctness of the decree with respect to the property and monetary settlement, that such provisions were severable from the granting of the-divorce, and therefore she could with propriety pursue her attack on the portion of the decree granting divorce. The Court of Appeal, however, held to the contrary, observing that:
“[t]he provisions of the final decree which required appellee to pay over and transfer to appellant the money, property and other benefits enumerated in the agreement were directly related to and dependent upon that provision of the decree which granted plaintiff a divorce.”
In Rayle, the plaintiff was appealing a final decree denying his prayer for specific performance of a contract alleged to require defendants therein to convey certain real estate to plaintiff. Plaintiff Rayle, in addition to praying for specific performance, also claimed, as here, reimbursement by defendant for certain moneys advanced by plaintiff in connection with the acquisition of the property in dispute, and the trial Court in its final decree, while denying specific performance, required such monetary reimbursement to plaintiff *32 by defendants and after he took appeal from such decree, he accepted payment of said moneys. Appellees on appeal moved to dismiss said appeal, and the First District Court, in granting' the motion, observed as follows:
“[a]ppellant’s entitlement to payment of the judgment awarded him by the decree under assault was dependent upon the validity of the decree in its entirety. Having accepted payment of the judgment, appellant is now estopped to question its correctness.”
Rayle has notable factual similarities to the case sub judice.
Fort was another appeal in a divorce case, wherein the wife was receiving and accepting monthly alimony payments under a post-decretal order and the defendant moved to dismiss her appeal from said order. The First District Court, in grantr ing the motion, condensed its holding in capsule form in the third headnote, as follows:
“Appellant who accepts benefits of decree or order is estopped afterwards to seek reversal.”
In McDaniel Gift Shop, Inc., the Court again sanctioned the rule announced and followed in the preceding cases, in the first headnote:
“Under ‘acceptance of benefits’ doctrine, a party who has accepted benefits of a judgment or decree of lower court is estopped from urging on appeal the illegality of judgment or decree.”
The motion to dismiss filed by ap-pellees here is granted, and an order will be entered accordingly.
If it will assuage the feelings of appellant and her counsel from our rather summary disposition of her appeal, we might mention in a bit of whispered obiter dictum that, if we had reached the merits, the final decree would necessarily have been affirmed, under authority of Petersen v. Brotman, Fla.App.1958, 100 So.2d 821.
The appeal is dismissed.
SHANNON, Acting C. J. and SMITH, JAMES T., Associate Judge, concur.