208 So.2d 836 (1968)
Samuel T. BROWN, Bess Brown and Harlin Development Co., Appellants,
v.
Morris EPSTEIN et al., Appellees.
No. 1947.
District Court of Appeal of Florida. Fourth District.
March 27, 1968.
Melvin I. Muroff, Miami, for appellants.
Elliott B. Barnett, of Ruden, Barnett & McClosky, Fort Lauderdale, for appellees.

ON MOTION TO DISMISS
OWEN, Judge.
Appellants have filed a motion to dismiss the cross appeal filed by the appellees, the plaintiffs below, on the ground that such appellees are estopped to urge error in the judgment appealed from herein because they have accepted the benefits of the said judgment.
In support of their motion appellants invoke the "acceptance of benefits" doctrine to the effect that, where a party recovering a judgment or decree accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterwards seek a reversal of such judgment or decree on appeal. The leading case in Florida recognizing the doctrine is McMullen v. Fort Pierce Financing & Construction Co., 1933, *837 108 Fla. 492, 146 So. 567. The doctrine has been recognized in many subsequent cases and has been the subject of a number of thorough and scholarly opinions.[1] The McMullen case recognized two so-called exceptions to the above doctrine. The first is that such general rule does not apply where the decree appealed from consists of two separate, distinct and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other. The second is that the general rule does not apply when an amount found in favor of a litigant by a judgment or decree is due him in any event  when there is no controversy over his right to receive and retain it  so that the only question to be determined by the appellate tribunal is whether he is or is not entitled to a greater or additional sum. One or both of these so-called exceptions to the general rule have been also recognized in subsequent cases.[2]
In this case the plaintiffs-appellees had brought a stockholders' derivative action under F.S. 1965, section 608.131, F.S.A. As a result of several hearings the court made extensive findings of fact and conclusions of law covering in detail its findings on numerous controversies between the parties and thereafter entered a final judgment which covered in detail the issues between the parties. In brief, it entered a judgment in the amount of $8,659.97 in favor of plaintiffs against the defendants (including an allowance of $2,700.00 for attorney's fees and accountant's fees). Plaintiffs' attorneys indicated their intention to enforce the judgment whereupon defendants made known that they intended to appeal that portion of the judgment concerning attorney's fees and accountant's fees in the total amount of $2,700.00 and would pay the balance of the judgment in the amount of $5,959.97. Payment of this portion was made to the plaintiffs who agreed to forbear enforcement of the remaining $2,700.00 of the judgment pending the appeal, without the necessity of defendants filing supersedeas.
Thereupon appellants filed a notice of appeal and assignments of error, following which appellees filed three cross-assignments of error which form the basis of the so-called "cross appeal" herein sought to be dismissed.[3]
While it cannot be said that at the outset of the litigation there was no controversy over the plaintiffs' right to receive the amount which was awarded to the plaintiffs by the final judgment, it can be said that at this time there is no controversy being presented to this court over the right of the plaintiffs to retain that portion of the final judgment which has in fact been paid by the defendants. If the appellants are successful on this appeal they will merely be relieved of paying the balance of the judgment, but the appellees would not be required to return any portion of the judgment which has been paid. On the other hand, if the final judgment is affirmed or if it is reversed on the basis of appellees' cross-assignments of error, the net result in either event will be that the appellants will owe to the appellees some additional amount.
This brings it clearly within the second exception to the acceptance of benefits doctrine *838 set forth above. The only questions to be determined by this court raised by the assignments and cross-assignments of error all bear on the question of whether the appellees have received all they are entitled to or whether they are entitled to a greater or additional sum than the $5,959.97 which they have already received.
The motion to dismiss the cross appeal is denied.
WALDEN, C.J., and REED, J., concur.
NOTES
[1] Capital Finance Corporation v. Oliver, 1934, 116 Fla. 790, 156 So. 736; Weatherford v. Weatherford, Fla. 1956, 91 So.2d 179; In re Frederis, Incorporated, Fla. App. 1958, 101 So.2d 49; Rayle v. Merrill, Fla.App. 1962, 141 So.2d 288; Hartley v. Hartley, Fla.App. 1961, 134 So.2d 281; Fort v. Fort, Fla.App. 1964, 167 So.2d 315; McDaniel Gift Shop, Inc. v. Balfe, Fla.App. 1965, 179 So.2d 588; Sedgwick v. Shaw, Fla.App. 1966, 188 So.2d 29.
[2] Kuharske v. Lake County Citrus Sales, Fla. 1949, 44 So.2d 641; Hartley v. Hartley, supra; and Weatherford v. Weatherford, supra.
[3] All of the cross-assignments identify the entry of the final judgment as the judicial act sought to be reviewed, and each identifies a specific item of credit allowed the appellants by the trial court, any of which if held to be improper, would increase the amount to which appellees would be entitled.