MADELEINE L. BROWNE, Administratrix of the Estate of Joseph E. Browne, Deceased; MADELEINE L. BROWNE, Administratrix *cum testamento annexo* of the Estate of Jefferson B. Browne, Substitute Appellants; and MADELEINE L. BROWNE, Personally, v. JOHN C. PARK.

198 So. 462
Division B
Opinion Filed November 5, 1940

*Murrell & Malone,* for Appellants;

*Raymond R. Lord, W. Curry Harris, LeRoy Collins* and *Guyte P. McCord, Jr.,* for Appellee.

CHAPMAN, J.—On the 20th day of June, 1938, plaintiff below filed his notice of claim of lien and the same was recorded in Lien Book 1, pages 40-41, of the public records of Monroe County, Florida, for labor and service performed and materials furnished to Joseph E. Browne on a certain building located at 328 Simonton Street, Key West, Florida, and a lien was claimed in the sum of $1,103.90 as of March 31, 1938, on the two-thirds interest of the fee simple title of Joseph E. Browne in real estate accurately described in the notice of lien.

On the 13th day of July, 1938, plaintiff filed a suit in the Circuit Court of Monroe County for the purpose of enforcing said lien against Madeleine L. Browne, as the widow of the late Joseph E. Browne, owner of an undivided two-thirds interest in and to said real estate and the prayer of the bill was for an accounting and sale of two-thirds undivided interest of the late Joseph E. Browne, as inherited by Madeleine L. Browne, in and to said described real estate to satisfy the amount of said lien, and upon the

failure thereof the described property be sold and the equity of redemption be barred.

On September 3, 1938, a motion to dismiss the bill of complaint was made on a number of grounds: (a) a misjoinder of parties defendant; (b) the owner of a one-third undivided interest in the real estate was not made a party defendant; (c) the bill was without equity. The motion to dismiss was overruled by the lower court and the defendant permitted or allowed until October 10, 1938, in which to file an answer.

The defendant failed to file an answer on October 10, 1938, as required by the order dated October 1, 1938, and a decree *pro confesso* was entered on October 11, 1938. On October 12, 1938, an order of reference was entered, testimony taken and a report made, and on the 20th day of October, 1938, a final decree was entered by the lower court in conformity with the prayer of the bill of complaint.

On the 3rd day of April, 1939, the property was sold by the special master, and on the 15th day of August, 1939, a confirmation of the sale was made by the lower court and the master's deed on the part of the special master was ordered to be made to the successful bidder conveying the undivided two-thirds interest of the late Joseph E. Browne in and to the described premises. On the 28th day of February, 1940, a writ of assistance, directed to the Sheriff of Monroe County, Florida, commanding him to put into possession of the described premises the successful bidder, John C. Park.

On the 3rd day of January, 1940, Madeleine L. Browne filed her motion to vacate and set aside the order confirming the Master's sale and the final decree on the grounds: (a) the owners of the fee simple title were not before the court; (b) Mrs. Ida Reynolds, owner of an undivided one-third

interest in and to the described real estate, was not a party defendant; (c) the final decree was a *brutum fulmen* in that it directed a sale of a two-thirds undivided interest and that the owner of the remaining one-third undivided interest was not a party to the suit. The motion to vacate and set aside the sale and final decree was denied by the lower court on February 28, 1940, and from this order an appeal has been perfected to this Court.

It will be observed that more than six months intervened between the date of the entry of the final decree on October 20, 1938, and the 28th day of February, 1940, the date of the entry of an order overruling and denying the motion to vacate the order confirming the sale and to set aside the final decree.

It is contended here that the failure to make Mrs. Ida Reynolds, owner of an undivided one-third interest in the real estate, a party defendant rendered the final decree void *ab initio,* and the authorities cited to sustain this position are: Worley v. Dade County Security Co., 52 Fla. 666, 42 So. 527; Gibson v. Tuttle, 53 Fla. 979, 43 So. 310; Sarasota Ice, Fish & Power Co. v. Lyle & Co., 53 Fla. 1069, 43 So. 602, and other authorities.

Whether or not the final decree is a *brutum fulmen* may be determined by the construction or interpretation of Chapter 17097, Acts of 1935, Laws of Florida, under which the lien now before the Court was had or obtained. See Volume 4, Permanent Supplement of C. G. L., Sections 5396 (1) to (35), inclusive. Section 31 of Chapter 17097 provides for the enforcement of liens against real property specified in the claim of lien and which may be subject thereto and against any person liable for the debt upon which the lien is founded.

The "owner" of real property is defined by a subsection

of Section 1 of Chapter 17097, *supra,* as the owner of real property *or any interest therein* who enters into a contract for the improvement of such real property or who may be the owner in fee of the real property or of a lesser estate therein, a person having any right, title or interest in the real property which may be sold under legal process, or a vendee in possession under a contract for the purchase of real property or an interest therein. The ownership of an interest by Mrs. Ida Reynolds in the real estate here involved cannot be questioned on this record.

Subsection 1 of Section 3 provides the time or date of the attachment of the lien and Subsection 2 to Section 3 provides that "liens shall extend to and only to the owner's right, title or interest existing at the time of the visible commencement of operations. This Court, speaking through Mr. Justice ELLIS in the case of State *ex rel.* Gore v. Chillingworth, 126 Fla. 645, 171 So. 649, said:

"The Act of 1935 is a revision of the entire subject of mechanics' and laborers' liens and as we read the petition of Mistretta his lien was both acquired and perfected under the provisions of that Act which in Section 4 expressly excepts the giving of a notice to the owner by persons in privity with him. * * *

"It is also contended by attorneys for the petitioner that Chapter 12079, Acts of 1927 (Section 5382 C. G. L. 1927) was repealed by the Act of 1935, Chapter 17097, *supra,* in so far at least as paragraph 5a of Section 5382, C. G. L., *supra,* under which the petition to enforce the lien was filed, has any bearing upon the petitioner's right to proceed in the manner he chooses to enforce that lien.

"The Act of 1935, as stated, was a revision of the subject of the acquisition and perfection of mechanics' and laborers' liens, while the Act of 1927, *supra,* Chapter 12079, is an Act

which provides for the enforcement of liens either upon real or personal property by persons in privity with the owner."

This Court in construing similar statutes as to the acquisition and enforcement of statutory liens has held that the statutory provisions must be strictly complied with before the claimant can acquire and enforce such a lien. The burden is on the claimant of the lien to show or fully establish a strict compliance with each statutory provision. See Drake Lumber Co. v. Semple, 100 Fla. 1757, 130 So. 577, 75 A. L. R. 687; Rathburn v. Landess, 100 Fla. 507, 129 So. 738; Meade v. Picotte, 101 Fla. 325, 134 So. 57.

It is next contended that the entire costs of the plumbing and fixtures placed in the hotel by the plaintiff below for which the lien was obtained, was charged against the two-thirds undivided interest of appellant in the hotel, and the legal effect thereof was to increase or enhance the value of one-third undivided interest of Mrs. Ida Reynolds, for which she paid nothing, but if she had been made a party to the enforcement of the lien, her undivided interest could by the court's decree have been charged with her proportionate part of the said lien; and that the failure to make Mrs. Ida Reynolds a party defendant in the proceedings to enforce the lien renders the court impotent to do justice between the parties and the court was without jurisdiction to enter the decree sought to be vacated. The answer to this contention is: (1) Chapter 17097, *supra,* provides for the acquisition and enforcement of a statutory lien in and to an undivided interest in real estate as was decreed in the lower court; (2) while it is true, as shown by the record, that the undivided interest of Mrs. Ida Reynolds in and to the hotel property was enhanced by the materials furnished and labor performed, and the costs or expense thereof

charged against the two-thirds undivided interest of the appellant in the hotel property, but in a proper proceeding and upon sufficient proof a court of equity has the power to enter such an order or decree as will do substantial justice between the joint owners of the property. See 18 C. J., par. 2, pages 3 and 4.

The law will not justify this Court in holding the final decree sought to be set aside or vacated a *brutum fulmen*. We fail to find error in the record and the order or decree appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Chief Justice TERRELL and Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.