PER CURIAM.
The appeal in this bond validation suit was taken initially to the District Court of Appeal for the Third District instead of to this Court as required by Amended Article V of the Florida Constitution, F. S.A. vesting in this Court exclusive jurisdiction from final judgments or decrees in proceedings for the validation of bonds and certificates of indebtedness. Thereafter a motion was made in the District Court to transfer the cause here under Florida Appellate Rule 2.1a(5) (d), 31 F.S.A. Oral argument was waived by the respective parties and the matter is now before this Court for consideration.
While there is a stipulation in the record between the parties reciting: “that to prepare and certify a complete transcript of the record herein would be expensive and that the appeal may be considered and heard on the original record,” such stipulation is contrary to the requirements of Florida Appellate Rule 4.3 containing the express provision that in bond validation proceedings “a certified transcript of the proceedings shall be filed with the appellant’s brief and a copy served on opposing counsel.” The purpose of this rule in bond validation proceedings was to *854 provide a simple and expedient method of disposing of these appeals which have priority on our docket and to give this Court a record upon which its judgment may be based. The rule does not permit the use of the original record in such proceedings.
It Is Ordered that the Clerk of this Court return the original record herein to the .clerk of the trial court and that the appellants file in this Court, within thirty days from this date, a certified transcript of such proceedings in accordance with Florida Appellate Rule 4.3; else this appeal shall stand dismissed.
TERRELL, C. J., and THOMAS, ROBERTS, DREW and THORNAL, JJ., concur.