PEARSON, TILLMAN, Chief Judge.
By this interlocutory appeal the defendants question the trial court’s order denying their motion to dismiss plaintiffs’ complaint. By way of introduction it should be pointed out that all orders come to this court with a presumption of their correctness. City of West Palm Beach v. Ryder, 73 Fla. 558, 74 So. 603. State v. Town of Sweetwater, Fla.1959, 112 So.2d 852.
This principle is especially strong when applied to an interlocutory appeal from an order denying a motion to dismiss where the progress of the cause is delayed pending a review of the trial judge’s decision. Further, the importance of the decision seldom justifies the delay necessary for an exhaustive opinion.
For an appellate court to reverse the decision of a trial judge denying a defendant’s motion to dismiss an adversary’s complaint, it must clearly appear that the pleading entirely fails to state a cause of action. Regan v. Davis, Fla.App. 1957, 97 So.2d 324. Such is in accordance with the spirit of the 1954 Florida Rules of Civil Procedure.
Having applied these principles to the interlocutory order appealed, we hold that the order denying the defendants’ motion to dismiss should be affirmed.
Affirmed.