CARROLL, Judge.
This is an appeal by the defendant from an adverse judgment for $500 rendered in the civil court of record of Dade County in a non-jury case.
Appellant undertook to clean certain portions of off-white carpets in the home of the appellee. The action was for damages alleged by the appellee to have resulted from negligent cleaning of the carpets by the appellant’s employee.
Appellant contends that negligence was not proved, and that if the plaintiff was entitled to recover there was no basis in the record for a judgment in the amount of $500. We have considered those contentions in the light of the record and briefs and conclude they are without merit.
 As pointed out in appellee’s brief, findings of fact of a trial judge in a case tried without a jury are entitled to the same weight on appeal as the verdict of a jury and will not be disturbed unless it is shown that there is a lack of substantial evidence to support his conclusions[1]; and the judgment comes to this court with a presumption of correctness.[2] Although the evidence was not without conflict, the trial judge, acting as a jury was entitled to find that the rugs were damaged and that such damage was the result of negligence.
As to damages, the plaintiff sought $1,122 which included $50 paid for the cleaning. The trial judge, in awarding damages, was not required to grant the amount demanded by the plaintiff. There was evidence of the cost of the carpets, their condition after cleaning, and of their value prior to and after the cleaning. The damages allowed by the trial judge were substantially less than the sum claimed, and the award was within the range of evidence. No error having been made to appear, the judgment should be and hereby is
Affirmed.

. MacGregor v. Sachs, Fla.1952, 57 So. 2d 426; First Atlantic National Bank of Daytona Beach v. Gobbett, Fla.1955, 82 So.2d 870; Chakford v. Strum, Fla.1956, 87 So.2d 419; Bardee Corporation v. Arnold Altex Aluminum Co., Fla.App. 1961, 134 So.2d 268, 269.

. Johnson v. Roberts, Fla.1955, 79 So.2d 425; First Atlantic National Bank of Daytona Beach v. Cobbett, supra, note 1; State v. Town of Sweetwater, Fla. 1959, 112 So.2d 852; Cravero Home Building Company v. Jaffie, Fla.App.1962, 142 So.2d 342.