260 So.2d 276 (1972)
AMERICAN MOTOR INNS OF FLORIDA, INC., Appellant,
v.
BELL ELECTRIC CO., a Florida Corporation, Central Bank and Trust Company, a Banking Corporation Organized under the Laws of the State of Florida, As Trustee, Appellee.
No. 71-637.
District Court of Appeal of Florida, Fourth District.
April 7, 1972.
Robert L. Parks and Robert Orseck, of Podhurst, Orseck & Parks, Miami, for appellant.
Floyd V. Hull, Jr., Fort Lauderdale, for appellee, Bell Electric Co.
WHITE, JOS. S., Associate Judge.
Plaintiff sought foreclosure in the circuit court of a mechanic's lien on certain real estate. The lien was claimed for work done and materials furnished in the repair of air conditioning equipment. The contract with the owner, defendant in the trial court, was an oral one, whereby the lienor was engaged to "put the west unit in operating condition." Payment was to be for "time and material on a cost plus basis." The lienor claimed a balance due of $10,537.08, plus interest, costs and attorneys' fees.
*277 After trial, during which numerous witnesses testified and many exhibits were examined, the trial judge entered final judgment for the lienor, allowing a lien for $8,500.00, plus $1,000.00 interest, $2,500.00 attorneys' fees, and $195.50 costs, totaling $12,195.50.
The owner has appealed and contends, first, that a lien should not have been allowed because there was not a "substantial performance" of the contract by the lienor.
As is frequently the case in such controversies, the record is voluminous and the testimony conflicting regarding the character of the work, the prices charged, and the performance of the contract in general, all contributing to the difficulty in solving the problems incident to a complex case.
As we understand the record, the lienor and the owner fell into disagreement at a time when the lienor requested further payment for work done. The lienor's claim then had reached the sum of $15,500.00, on account of which $4,000.00 had been paid in two installments. The equipment in question continued to give trouble and did not operate to the owner's satisfaction. The owner disputed the claim, refused to make further payment and referred the lienor to the owner's attorney. The owner then engaged another mechanic to correct the trouble for which the latter was paid the approximate sum of $2,400.00. The parties agreed before the trial court that the lienor's claim be reduced by the sum of $1,217.12 on account of removal of a defective crankshaft and the installation of a new one.
It is well settled that a lien may be allowed only when there has been a substantial performance of the contract on the lienor's part. However, there is authority for the proposition that "substantial performance" is met by a lienor if the omission is not so serious that it cannot be remedied by payment from the contract price. See Mathis v. Thunderbird, etc., 236 Or. 425, 389 P.2d 343 (1964).
This seems a fair and logical rule to apply in the instant case, in the light of the terms of the contract in question and the consequent circumstances. Of course, the owner should have been allowed a credit for such reasonable sum as he had to pay the second mechanic for work done by the latter in correcting that included in the lienor's claim and found by the court to be defective. Accordingly, we hold that the trial court was justified in allowing a lien, at least, for the fair value of the materials installed and the work performed.
This conclusion brings us to the next point argued by the owner: that the amount allowed was excessive.
The trial court made no findings, indicating how he arrived at the sum of $8,500.00 allowed the lienor. Obviously, the lienor's claim was reduced by the trial court, but neither the items allowed, nor those disallowed were specified.
Findings by a trial judge may not be mandatory in every case, but in one such as this, where numerous items are in dispute, findings of fact greatly facilitate disposition of questions to be raised on appeal. Richards v. Dodge, Fla.App. 1963, 150 So.2d 477. When many items are involved, failure to indicate in a judgment how a sum, less than that claimed, is arrived at, puts counsel for an aggrieved party in a difficult position when he undertakes to secure a review. Not knowing which items have been allowed and which disallowed, he has no way to challenge the result. Thus, the right of review may be jeopardized. When faced with such a dilemma, counsel on petition for rehearing should urge the trial judge to make specific findings.
To further confound our own problem in disposing of this appeal, is the fact that, while arguing that the amount allowed is excessive, the owner himself also omits to specify those additional items which we should take into account in allowing further discounts, albeit such seems impossible in the state of the record mentioned.
As a result, a voluminous record, in a rather confused state, is "dropped in *278 our lap" to "ferret out" from among many items, those with which, appellant hopes, we will disagree. It has been said many times that when a decision of a trial court comes to an appellate court for review it starts out with a presumption of correctness. The appellant has the burden of removing the presumption by showing wherein the decision is wrong. When a lump sum is allowed in a judgment, covering many items claimed, it is not enough merely to say that the allowance is excessive. The one who challenges the allowance as being excessive must indicate those items which were, in fact, allowed, but which should have been disallowed. Only thus can appellant meet the responsibility of demonstrating error on the part of the trial court.
The lienor's attorney has moved for the allowance of an additional attorney's fee for services in this court. The court has been given no basis for arriving at such an award. Hence, the motion is denied.
Affirmed.
WALDEN and MAGER, JJ., concur.