PER CURIAM.
This is an appeal from a judgment of foreclosure on a mechanic’s lien.
Appellant raises three points on appeal. First, appellant contends that the trial judge committed reversible error by denying her a jury trial on a legal counterclaim seeking damages for labor performed in an unworkmanlike manner.
However, our review of the record in the instant case convinces us that the appellant waived her right to a trial by jury. May v. Arnold Const. Co., Fla.1955, 78 So.2d 705; Hightower v. Bigoney, Fla. 1963, 156 So.2d 501.
By her second point, appellant attacks the judgment on the merits, arguing that the appellee failed to prove substantial performance of the contract and an adequate excuse for not completing the remaining ten percent of the job, which the trial court found remained to be completed. We have reviewed the testimony and have concluded that there is substantial competent evidence to support the trial court’s determination.
Thirdly, appellant argues that there is no testimony in the record of any evidence concerning the reasonableness of the attorney’s fees awarded to the appellee. However, the record contains a notice of hearing for October 31, 1973 on the award of *477 attorney’s fees. Appellee contends that expert testimony was presented at this hearing on the question of attorney’s fees.
A point on appeal directed to the amount of the attorney’s fees may not be considered in the absence of a record of the testimony upon which the award is based. Worcester Mutual Fire Insurance Co. v. Eisenberg, Fla.App.1962, 149 So.2d 575.
For the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.