HENDRY, Judge.
Appellant trustee, respondent below, appeals a final judgment of the trial court dated February 10, 1975, declaring a building owned by him to be a public nuisance and requiring it to be demolished. The judgment also assessed costs against appellant.
On February 4, 1975, the trial court held a final hearing on appellee’s City of Miami Beach, petitioner below, complaint, as amended, which basically sought equitable relief in enforcing its zoning ordinances as they relate to appellant’s property. The result of this hearing was the final judgment dated February 10, 1975, from which appellant brings this appeal.
The judgment, in pertinent part, is set forth below:
“THIS CAUSE having come on to be heard upon the Petitioner’s request for temporary injunction on January 2, 1975, and this Court having viewed the premises involved on January 24, 1975, and this cause having come on to be heard for trial on February 4, 1975 and both parties having presented evidence and legal argument, and this Court being otherwise fully advised in the premises *28 thereof, the following was found to exist:
“1. The Respondent owns, as trustee, the property located at 21 Washington Avenue, Miami Beach, Dade County, Florida, being the property described as Lot 13, less E 40', Block 10, Ocean Beach Subdivision recorded in Plat Book 2 at page 38 of the Public Records of Dade County, Florida. The described premises is situated between the structure known as the Jewish Community Centers of South Florida, South Beach Activity Center, located at 25 Washington Avenue, Miami Beach, Dade County, Florida, on the north and the restaurant known as Joe’s Stonecrab Restaurant, located at 227 Biscayne Street, situated on the south and east sides of the Respondent’s property. Both "of the surrounding structures are open to and frequented by members of the public.
“2. The aforedescribed premises is designed to be used as an apartment house, however, both parties agree that the property has not been used for several years and, in its present condition, the premises is unfit for human habitation.
“3. The building located at the afore-described premises was constructed during 1925 and 1926, prior to the existence of any zoning ordinance in the City of Miami Beach. The building fails to conform to various requirements of the existing zoning ordinance, being Zoning Ordinance No. 1891 of the City of Miami Beach, as set forth in Paragraph 4 below.
“4. Both parties have agreed and this Court finds that the structure in question fails to conform with the existing density, setback and lot size requirements of Zoning Ordinance No. 1891 of the City of Miami Beach and further fails to conform to the parking requirements of the Zoning Ordinance, inasmuch as the building provides no off-stréet parking spaces whatsoever. As applied to this property, the Zoning Ordinance requires a minimum of one parking space per dwelling unit. This Court, therefore, finds that this building constitutes a non-conforming use as it relates to off-street parking spaces in accordance with the law as stated in City of Miami Beach v. Arlen King Cole Condominium Association, Inc., 302 So.2d 777 (Fla. App.1974).
“5. After having viewed the building and having heard all the evidence, it is obvious that the building constitutes a public nuisance and serves no useful purpose to either the public or the. Respondent in its present condition. Therefore, the only issue that remains is whether this non-conforming building can be repaired or should be demolished.
“6. After viewing the premises and hearing testimony, this Court finds that the building in question cannot be repaired for the following reasons:
“A. The minimum amount of repairs necessary to eliminate the nuisance would amounNto a substantial reconstruction of the building.
“B. Section 12-5 of Zoning Ordinance No. 1891 of the City of Miami Beach provides that:
“No building which has been damaged by any cause whatever to the extent of more than 50 percent of the County tax-assessed value of the building shall be restored except in conformity with the regulations contained in this Ordinance and all rights as a non-conforming use are terminated.
This Court finds that the building in question has deteriorated and been otherwise damaged to an extent which exceeds 50 percent of the tax-assessed value of the building. In fact, the minimal repairs suggested by the Respondent will cost at least 200 percent of the County tax-assessed value. This Court finds that this building cannot be repaired in conformity with Section 12-5 of City of *29 Miami Beach Zoning Ordinance No. 1891. Therefore, it is
“ORDERED and ADJUDGED that the building located at 21 Washington Avenue, Miami Beach, Dade County, Florida, be and is hereby declared to be a public nuisance, and it is
“FURTHER ORDERED and ADJUDGED that the Respondent, THEODORE M. TRUSHIN, be and he is hereby directed and required to demolish the aforedescribed building located at 21 Washington Avenue, Miami Beach, Dade County, Florida, within 30 days from the date of this Order, and it is
“FURTHER ORDERED and ADJUDGED that the Petitioner shall recover its costs, when taxed, from the Respondent, THEODORE M. TRUSHIN, for which let execution issue.”
It is a well established principle that a final judgment of the trial court comes to this court on appeal clothed with a presumption of correctness and the one who asserts error has the burden of showing it. Failure to carry this burden leads includibly to the conclusion that there is no error in the record and the judgment appealed must be affirmed. American Motor Inns. of Fla., Inc. v. Bell Electric Co., Fla.App.1972, 260 So.2d 276; Solomon v. Hunt, Fla.App.1971, 243 So.2d 185; Hamilton v. Liberty National Life Insurance Co., Fla.App.1968, 207 So.2d 472; and see 2 Fla. Jur., Appeals § 316.
In the appeal sub judice, we have considered the record, the numerous points in the briefs and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment appealed is affirmed.
Affirmed.