McDONALD, Justice.
Numerous taxpayers who reside within the Highlands County Hospital District[1] appeal a circuit court order validating a bond issue proposed by the district. We have jurisdiction[2] and affirm the final judgment of validation.
Following a two-and-one-half-year study, the Florida Department of Health and Rehabilitative Services issued a certificate of necessity allowing expansion of Highlands General Hospital. This hospital is owned and operated by the district, and on December 17, 1981 the district’s board of commissioners approved a resolution providing for the issuance of $11,500,000 in revenue bonds for improving and enlarging the hospital. After holding a hearing, the circuit court validated the bond issue proposal.
The appellants make the same claims here that they made in the trial court. They contend that the district’s complaint does not comply with section 75.04, Florida Statutes (1981), because it fails to state the interest that the bonds will bear, fails to allege the creation of a trust indenture, and fails to attach a full and complete copy of the board’s resolution. As did the circuit court, we find no merit to these claims.
Under subsection 75.04(1) a complaint seeking bond validation must set out the interest that the bonds are to bear. The instant complaint states that the bonds will bear “interest at rates not to exceed *254 the maximum rate permitted by law at the time of issuance.” The appellants claim that subsection 75.04(1) should be read to require the setting forth of a specific rate and that the above-quoted language is defective. We disagree.
Bonds issued by this district fall within the scope of section 215.84, Florida Statutes (1981). Subsection (3) of that section sets out a formula for calculating the maximum rate of interest that government-issued bonds may bear. Holloway v. Lakeland Downtown Development Authority, 417 So. 2d 963 (Fla.1982). We find that the complaint satisfies subsection 75.04(l)'s requirement regarding rate of interest.
Subsection 75.04(2) states that bond validation complaints filed by special districts must “allege the creation of a trust indenture established by the petitioner for a bonded trustee acceptable to the court who shall certify the proper expenditure of the proceeds of the bond.” The instant complaint states that all payments on the bond issue will be
pursuant to a Trust Indenture substantially in the form attached as Exhibit 1 to the Bond Resolution (herein called the “Indenture”), to be made between Plaintiff and one of the banks or trust companies named therein, to be designated by the Issuer by the adoption of a subsequent resolution, and which shall satisfy all requirements of law, as trustee (herein called the “Trustee”).
The appellants claim that the complaint evidences no “present” creation of a trust indenture. Again, we disagree.
The bond resolution, in its definition of “trustee,” states that one of three listed banks will be designated as the trustee in a subsequently adopted resolution. The exhibit referred to above is a 107-page trust indenture, containing numerous blanks which, presumably, will be filled in at the time of execution. We find that the complaint, which includes the bond resolution and trust indenture, complies with subsection 75.04(2).
Appellants also contend that the district failed to attach to the complaint a full and complete copy of the bond resolution. The court, however, found that the district had done correctly everything necessary to get this bond issue validated. Trial court decrees are presumed to be correct, and the burden is on the appellant to demonstrate their incorrectness to a reviewing court. State v. Town of Sweetwater, 112 So.2d 852 (Fla.1959). After reviewing the record, we find that the appellants have failed to carry this burden.
Finding no merit to appellants’ contentions, we affirm the circuit court’s validation of the instant bond issue.[3]
It is so ordered.
ALDERMAN, C. J., and ADKINS, BOYD, OVERTON, SUNDBERG and EHRLICH, JJ., concur.

. A special tax district created by ch. 61-2232, Laws of Fla.

. Art. V, § 3(b)(2), Fla.Const.

. We agree with the trial court’s observation that everything that ought to be done has been done and whether it is good or bad must be left to the wisdom of the district commissioners because a court may not substitute its judgment for that of the district’s board.