## CITY OF OPA-LOCKA v GREASON
### Case No. 90-076AP
Eleventh Judicial Circuit, Dade County
April 17, 1991

### APPEARANCES OF COUNSEL

**Leslie W. Langbein, Esquire,** for appellant.
**James H. Greason, Esquire,** for appellee.

Before BARAD, NADLER, WILSON, JJ.

### OPINION OF THE COURT

WILSON, J.

Two issues have been raised on appeal. First, whether the trial judge erred in holding that the appellee was entitled to an award of attor-

ney's fees pursuant to Section 448.08, *Fla. Stat.*, after prevailing in his action for breach of contract. Second, whether the trial court erred in calculating prejudgment interest.

Section 448.08, *Fla. Stat.*, reads very simply as follows:

*Attorney's fees for successful litigants in actions for unpaid wages.* The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.

Although the appellee admits that he is not an "employee" of the Appellant for the purposes of Chapter 440 (Worker's Compensation) of Chapter 443 (Unemployment Compensation), Florida Statutes, contends and the trial court agreed that the monies owed him were "wages" within the meaning of § 448.08, *Fla. Stat.*, and as the prevailing party, an award of attorney's fees to him was authorized.

While a considerable amount of time has been spent in this cause debating exactly what is the definition of an "employee", the cases applying § 448.08 have focused on whether the monies in dispute were in fact "wages" under § 448.08. The courts have construed "wages" to include monies due under a contract for architectural services on a particular project at a flat hourly rate and even held that "wages" included an oral promise of a bonus if the work was performed by a particular date. *Community Design Corp. v Antonell,* 459 So.2d 343 (Fla. 3d DCA 1984). "Wages" under § 488.08 have been held to include commissions due under an employment contract. *Gulf Solar, Inc. v Wesfall,* 447 So.2d 363 (Fla. 2d DCA 1984). The trial judge in this case reviewed the Contract of Employment and Amended Contract of Employment between Appellee and Appellant and determined that said documents created an employment relationship between the parties and that the monies due thereunder constituted "wages" within the meaning of § 448.08. The final amended contract called for a yearly salary of retainer for attendance at a monthly board meeting. The yearly salary or retainer was to be provided at the rate of $50.00 per hour.

The final judgment of the trial court is clothed with a presumption of correctness and the party who asserts error has the burden of demonstrating the error clearly. *Trushing v City of Miami Beach,* 328 So.2d 27 (Fla. 3d DCA 1976); *Randy Itern, Ltd. v American Excess Corp.,* 501 So.2d 667 (Fla. 3d DCA 1987); *State v Town of Sweetwater,* 112 So.2d 852 (Fla. 1959). Based on the foregoing, the Appellants have not met their burden of showing what error, if any, was committed by the trial court and the presumption of correctness continues to adhere to the court's decision awarding attorney's fees in this case.

The court notes that Appellant's Statement of the case and facts in its initial brief stated that "this appeal is from the portion of the final judgment awarding . . . attorney's fees and expert witness fees." Inasmuch as no further mention is made either in the Appellant's brief or reply brief of any legal objection to the award of expert witness fees, said point should be deemed abandoned. *State v Town of Sweetwater,* supra.

As to the second issue, the court finds no error in the trial court's determination that pre-judgment interest is to be calculated from July of 1987, and from July of 1988, the dates said monies were due Appellant. The amounts in question were found by the trial judge to be liquidated as of a specific date and due pursuant to said contract. Ordinarily, pre-judgment interest is calculated from the date of loss. *Argonaut Ins. Co. v May Plumbing Co.,* 474 So.2d 212 (Fla. 1985). In the case of mutual mistake or overpayment, interest does not run until a demand or the institution of suit, whichever is first. *Ball v Public Health Trust of Dade County,* 491 So.2d 608 (Fla. 3d DCA 1986). The trial court in its discretion as the finder of fact determined that 'demand' was made or that the monies in question were in fact due as of the time from which the court calculated prejudgment interest. The record as submitted does not provide any basis for reversal of the county's award of prejudgment interest and should be accordingly upheld.

Inasmuch as attorney's fees in this cause were not authorized or ordered pursuant to Section 178 of the Opa-Locka City Charter, Appellee's pending Motion for Award of Attorney's Fees on Appeal should be denied.

BARARD and NADLER, JJ., concur.

AFFIRMED.