584 So.2d 572 (1991)
J.M. BEESON COMPANY, Appellant,
v.
Ernesto SARTORI, Appellee.
No. 90-2843.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing, Rehearing, Certification and Clarification Denied September 9, 1991.
Kevin J. O'Grady of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for appellant.
Lori M. Ferman and Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for appellee.
Rehearing, Rehearing En Banc, Certification and Clarification Denied September 9, 1991.
PER CURIAM.
Appellant J.M. Beeson Company appeals for the second time in this case. It now seeks review of the trial court's final summary judgment entered in favor of appellee Aetna Casualty & Surety Company. We reverse.
In 1983 appellant contracted with Ernesto Sartori to build a shopping plaza. During construction they had numerous disputes. When Sartori refused to pay, appellant terminated the job, filed two claims of lien and brought suit to foreclose the two mechanic's liens and for breach of contract. Sartori then transferred the mechanic's liens from the property to a surety bond pursuant to section 713.24, Florida Statutes. Aetna was the surety insurer on the bond.
*573 The trial court originally found that appellant had not substantially completed the construction work, awarded Sartori damages and discharged the surety bond. Appellant appealed and this court's first opinion reversed the trial court's order denying appellant's recovery for work it had performed and remanded to the trial court for further proceedings. The first opinion did not mention the surety bond.
On remand, the trial court refused to reinstate the surety bond. Appellant added Aetna as a party and amended the complaint to add two counts of relief against Aetna. Appellant sought to hold Aetna liable for judgments entered against Sartori pursuant to the mechanic's liens and sought a declaratory judgment that Aetna remain bound under the terms of the surety bond.
After Sartori defaulted, appellant and Aetna both filed motions for summary judgment as to the relief sought with respect to Aetna. The trial court granted final summary judgment in Aetna's favor. It found that Aetna was no longer the surety insurer of Sartori by virtue of the judgment that expressly provided for return of the bond, which appellant failed to appeal, thereby constituting appellant's acceptance of the propriety of the discharge. It also ruled that application of the law of the case doctrine precluded re-visitation of the issue. The trial court denied appellant an award of costs or attorney's fees against Aetna finding that the action was not an action on the surety bond because that bond had been discharged in the prior judgment. It also found that appellant could not recover attorney's fees and costs as the prevailing party because section 713.29, Florida Statutes was inapplicable to this action. This second appeal followed.
Appellant contends that Aetna should not have been granted a summary judgment. Appellant argues that trial court misapplied the law of the case doctrine and failed to re-establish the bond released by the judgment this court reversed in the first appeal. Aetna's principal response is that appellant did not appeal the discharge of the bond in the first appeal and so cannot raise it as an issue in this appeal.
We disagree with Aetna that appellant did not raise the issue of the bond in the first appeal. Appellant's initial brief in that appeal reads in relevant part, "Appellant requests that this Court order the trial court to award Appellant its final payment, plus change orders, less the reasonable cost of completion and reestablish Appellants bonded lien for that amount... ." At the conclusion of its second point on appeal, appellant argued:
Appellant was entitled, at the least, to recover the difference between its final invoice, plus change orders, less the Court determined reasonable cost to complete. Furthermore, Appellant was entitled to maintain its mechanic's lien on the bond because it had complied with all provisions of Chapter 713 ... and had substantially performed.
At the conclusion of its brief, appellant argued, "For the reasons set forth in the arguments above, Appellant seeks the following relief from this Court: ... F. Reversing the trial Court's release of Appellant's Mechanics Lien and ordering Appellee to reestablish the bond securing Appellant's lien."
Although the issue did not appear in appellant's initial brief as a separate point on appeal, it did appear in the initial brief as requested relief. For this reason, we conclude that appellant did preserve this issue for review.
Aetna incorrectly argues that the only time a case is returned to its prejudgment status is when it is reversed without directions. To the contrary, this court's reversal of that judgment returned the portion of the case pertaining to appellant's mechanic's lien to its prejudgment status. The transfer bond pertained to the mechanic's lien. Thus, this court's judgment returned all matters pertaining to the mechanic's lien to their prejudgment status, including the status of the bond. See Wells Fargo Armored Services Corp. v. Sunshine Securities & Detective Agency, 575 So.2d 179, 180 (Fla. 1991) (law-of-the-case doctrine applies to matters litigated to *574 finality, not to matters that remain unresolved due to the erroneous ruling of a lower court). We hold that the trial court erred when he failed to reinstate the bond after the first appeal concluded.
Appellant also contends that section 713.29, Florida Statutes, entitled it to attorneys' fees and costs incurred in the prior appeal as well as to enforce the lien. Aetna responds that appellant is not entitled to attorneys' fees pursuant to section 713.29 because that section provides for attorneys' fees to the prevailing party in an action to enforce a mechanic's lien. According to Aetna this case concerns an action to reinstate a surety bond and not an action to enforce a mechanic's lien.
Section 713.29, Florida Statutes (1989) reads:
In any action brought to enforce a lien under Part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
Part I of Chapter 713 concerns mechanic's liens and includes section 713.24. Section 713.24, Florida Statutes is entitled "Transfer of liens to security" and sets forth the procedure for transferring a lien by filing in the clerk's office a bond executed as surety by a surety insurer. Aetna issued the bond in this case pursuant to section 713.24.
The trial court's reliance on Snead Construction Corp. v. Langerman, 369 So.2d 591 (Fla. 1st DCA 1978) was misplaced. Snead concerned a suit on a performance or payment bond against surety insurers to construction contracts. This case did not concern such a bond. We conclude that section 713.29 applies and that the trial court erred by denying appellant, as the prevailing party, attorneys' fees and costs.[1]
Accordingly, we reverse the summary judgment entered in favor of Aetna and the order that denied appellant its attorney's fees and costs. Further, we remand with directions to the trial judge to reinstate the surety bond and to conduct further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS AND FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
STONE, GARRETT and FARMER, JJ., concur.
NOTES
[1] Section 713.29 of the Florida Statutes was recently amended but only to allow a party to recover attorneys' fees and costs for arbitration as well as for trial and appeal.