679 So.2d 1301 (1996)
James GRANT, Appellant/Cross-Appellee,
v.
Wallace WESTER and Johnnie Ruth Wester, Appellees/Cross-Appellants.
No. 95-2506.
District Court of Appeal of Florida, First District.
September 30, 1996.
*1302 Sherry Grant Hall of Hall & Runnels, P.A., Destin, for Appellant.
Elizabeth M. Simpson and Thayer M. Marts of the Law Office of Thayer M. Marts, Marianna, for Appellees.
BENTON, Judge.
A builder appeals from a judgment denying foreclosure of a mechanic's lienand denying entitlement to attorney's fees that foreclosure entails under the Construction Lien Law. He also contends that he did not recover all he was due on his claim against the owners for breach of contract; and that the amount awarded on the owners' counterclaim (and set off against his own award) was excessive. We affirm as to the contract claim and as to the counterclaim, but reverse the denial of foreclosure, and remand for a decision regarding attorney's fees "taxed as part of [appellant's] costs, as allowed in equitable actions." § 713.29, Fla. Stat. (1991).
Before we reach the merits of the builder's appeal, we address the owners' contention on cross appeal that the builder should be prevented from pursuing an appeal (and that *1303 fees and costs should be awarded to them), because the builder collected part of the money awarded on the contract claim, and the owners subsequently deposited the rest of the money needed to satisfy the judgment in the registry of the court. The cross appeal does not seek review of the amounts awarded either on the contract claim or on the counterclaim. We find no impediment to the builder's appeal.

A New Home
On October 4, 1991, James Grant contracted with Wallace and Johnnie Ruth Wester to build a new home on land the Westers owned. Most of the work was finished by May 11, 1992, when the Westers gave Mr. Grant (at his request) a "punch list" of items they believed to be incomplete or otherwise unsatisfactory. On May 15, 1992, the Westers began moving into the house. By then a certificate of occupancy had issued and Mr. Grant had addressed each item on the "punch list" to their satisfaction. Once they were fully moved in, however, Mr. Wester told Mr. Grant that the Westers would not make full payment until Mr. Grant added a hot water recovery unit to the air conditioning system and covered the foundation of the house with stucco. Mr. Grant complied with these requests, recalculating unpaid charges accordingly.
Mr. Grant presented a bill for $8,000 (the unpaid portion of the base contract price), plus overages aggregating $2,221.13, less credits aggregating $372.70, for a total of $9,848.43. After he asked to be paid, Mrs. Wester dropped off two more lists of items she said needed attention. Mr. Grant made certain requested repairs, then reiterated his demand for payment, saying that the house was substantially complete. The Westers again refused payment. After delivering an affidavit to the Westers, certifying that all lienors under the contract had been paid in full (and after Mrs. Wester gave him a fourth list, this one of items she said needed repair), Mr. Grant recorded a notice of claim of lien stating an unpaid balance of $9,866 (the amount claimed under the contract rounded down, plus the eighteen-dollar fee for recording the lien).

Lawsuit Filed
His bill still unpaid, Mr. Grant filed the complaint which began the proceedings below on June 19, 1992. Count I sought enforcement of a mechanic's lien under part one of chapter 713, Florida Statutes, and specifically asked for attorney's fees under section 713.29, Florida Statutes. Count II stated a claim for breach of contract. The Westers filed a counterclaim, alleging some twenty-one construction flaws, and also requested attorney's fees.
After a bench trial, final judgment was entered on Count II against the Westers in the amount of $7,740.73 [1] plus twelve per cent *1304 interest from June 10, 1992, through December 31, 1994, and eight per cent interest from January 1, 1995, through July 5, 1995, the date of the judgment, plus costs of $1,023.50. The judgment denied plaintiff's motion for attorney's fees and specifically ordered: "Plaintiff did not prevail in COUNT I of his Complaint to enforce a mechanic's lien pursuant to Part One of Chapter 713 Florida Statutes." On July 13, 1995, Mr. Grant took the present appeal, seeking review of, inter alia, what was described in the notice of appeal as the denial of "Plaintiff's rights under Count I of his Complaint, and [the concomitant denial of] Plaintiff's prayer for an award of attorney[']s fee."

Payments Made
During the pendency of the appeal, Mr. Grant took steps not only to protect his asserted lien (by filing a notice of lis pendens the day after filing notice of appeal) but also to collect the money awarded by the judgment. At his instance, see Fla. R. Civ. P. 1.550(a), on July 18, 1995, the circuit court clerk issued process commanding the sheriff to levy on the Westers' "goods and chattels, lands and tenements" in the sum of $11,402.05,[2] together with eight per cent interest accruing from July 5, 1995, until payment. A deputy sheriff collected $8,184.51 from the Westers' "construction bank account" and gave the check to Mr. Grant.
The Westers responded with an emergency motion to set aside lis pendens and writ of execution and motion to satisfy the final judgment, which recited: "The Defendants are ready to pay said judgment in full and request that Plaintiff give a satisfaction of judgment to Defendants." The Westers objected to giving a satisfaction of judgment that did not expressly reserve the right to pursue the present appeal. On July 21, 1995, the trial court entered an order staying "the Writ of Execution issued by the Clerk" and setting the Westers' emergency motion for hearing.
At the hearing on July 27, 1995, the trial court ordered the Westers to pay $3,125.29, the balance the trial court calculated was owed on the judgment at that time, into the registry of the court, and, we are advised, the Westers did so. The trial court's order on the emergency motion, which was ultimately entered on August 14, 1995, also ruled that no interest would accrue after the money was deposited, continued the stay of execution granted on July 21, 1995, pending this court's disposition of the present appeal, and denied a request that a supersedeas bond be posted.[3]

*1305 Acceptance of Benefits

Mr. Grant has thus received money under one part of the judgment.[4]Compare Erwin v. Brooks, 297 So.2d 314 (Fla. 2d DCA 1974) with McDaniel Gift Shop, Inc. v. Balfe, 179 So.2d 588 (Fla. 1st DCA 1965). An old case teaches the "general rule that one cannot ordinarily accept a benefit under a judgment or decree and then appeal from it, when the effect of his appeal may be to annul the decree as a whole." Capital Fin. Corp. v. Oliver, 116 Fla. 790, 793, 156 So. 736, 737 (1934); McMullen v. Fort Pierce Fin. & Constr. Co., 108 Fla. 492, 495, 146 So. 567, 568 (1933); Green v. First American Bank and Trust, 511 So.2d 569, 572 (Fla. 4th DCA 1987) ("long standing principle or rule that one who recovers a judgment and accepts the benefits provided therein may not thereafter seek to reverse the judgment"), review denied, 520 So.2d 584 (Fla.1988); State Road Dep't v. Hartsfield, 216 So.2d 61 (Fla. 1st DCA 1968); Sedgwick v. Shaw, 188 So.2d 29, 31 (Fla. 2d DCA 1966), (citing 2 Enc. Pl. & Pr. 174-176; 2 R.C.L. §§ 44, 45, pp. 61-63; 3 C.J. § 552, pp. 679-680); Carter v. Carter, 141 So.2d 591, 592-593 (Fla. 1st DCA 1962); Rayle v. Merrill, 141 So.2d 288 (Fla. 1st DCA 1962). But
case law reveals that there are two exceptions to this stated rule: 1) where the relief denied is separate and severable from the relief granted; or 2) where the appellant is entitled in any event to at least the amount received. McMullen v. Fort Pierce Fin. & Constr. Co., 108 Fla. 492, 146 So. 567 (1933). See also Kuharske v. Lake County Citrus Sales, 44 So.2d 641 (Fla.1949); Brown v. Epstein, 208 So.2d 836 (Fla. 4th DCA 1968).
Dance v. Tatum, 629 So.2d 127, 129 (Fla. 1993); Giltex Corp. v. Diehl, 583 So.2d 734, 736 (Fla. 1st DCA 1991) ("The general rule that a party is estopped to seek reversal of a judgment, where the party recovering judgment or decree accepts the benefits thereof, does not apply when the amount found in favor of the litigant by the judgment or decree is due him in any eventwhen there is no controversy over his right to receive and retain itso that the only question to be determined by the appellate court is whether he is or is not entitled to a greater or additional sum."); Hunt v. First Nat'l Bank of Tampa, 381 So.2d 1194 (Fla. 2d DCA 1980); Brown v. Epstein, 208 So.2d 836 (Fla. 4th DCA 1968). But see McMullen, 108 Fla. at 495-96, 146 So. at 568-69 (exception only applies "where the decree appealed from consists of two separate, distinct, and unrelated parts, the disposition of either of which can in no wise affect the decision as to the other").
The acceptance of benefits doctrine has been abolished in dissolution of marriage actions. Fla. R.App. P. 9.600(c) ("The receipt or payment of funds under an order awarding separate maintenance, child support, alimony, attorney's fees, or costs shall not prejudice the rights of appeal of any party."). In Carson Lumber Co. v. St. Louis & S.F.R. Co., 209 F. 191, 193-194 (8th Cir.1913), the court said:
It is undoubtedly the general rule that a party who obtains the benefit of an order or judgment, and accepts the benefit or receives the advantage, shall be afterwards *1306 precluded from asking that the order or judgment be reviewed. Nevertheless, this rule is not absolute where the judgment or decree is not so indivisible that it must be sustained or reversed as a whole. It has no application to cases where the appellant is shown to be so absolutely entitled to the sum collected upon the judgment that the reversal of it will not affect his right to the amount accepted (Reynes v. Dumont, 130 U.S. 354-394, 9 Sup.Ct. 486[-497], 32 L.Ed. 934 [(1889)]), especially where there is not present conduct which is inconsistent with the claim of a right to reverse the judgment or decree, which it is sought to bring into review (Embry v. Palmer, 107 U.S. 3-8, 2 Sup.Ct. 25[-30], 27 L.Ed. 346; Merriam v. Haas, 3 Wall. 687, 18 L.Ed. 29; United States v. Dashiel, 3 Wall. 688, 18 L.Ed. 268).
In United States v. Hougham, 364 U.S. 310, 312, 81 S.Ct. 13, 16, 5 L.Ed.2d 8, 12 (1960), the Court said: "It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim."
The principal question Mr. Grant raises on appeal is whether he is entitled to attorney's fees. His right to recover what he was awarded on the contract claim itself is not in doubt. He contends that he is entitled to recover attorney's fees because he had the right to foreclose a mechanic's lien. Earlier this year an attorney's fee question was held to "fall within the exceptions to the acceptance of benefits doctrine." Oakland East Manors Condominium Ass'n, Inc. v. La Roza, 669 So.2d 1138, 1139 (Fla. 4th DCA 1996) (footnote omitted). Accord Giltex (appeal as to attorney's fees only); Brown v. Epstein (appeal as to attorney's and accountant's fees only). The fact that appellant collected money awarded on the underlying contract claim does not preclude the appeal he now brings from the denial of attorney's fees.

No Estoppel
Mr. Grant also contends that the trial court erred in awarding damages on his contract claim (too little) and on the Westers' counterclaim (too much). We see no basis for estoppel as to these contentions, either, because the "amount found in favor of the litigant by the judgment ... is due him in any event." Giltex, 583 So.2d at 736. The Westers do not contend on cross appeal that the award to Mr. Grant on his contract claim should be reduced or that they received too little on their counterclaim. An analogous situation obtained in Brown v. Epstein, 208 So.2d at 837:
While it cannot be said that at the outset of the litigation there was no controversy over the plaintiffs' right to receive the amount which was awarded to the plaintiffs by the final judgment, it can be said that at this time there is no controversy being presented to this court over the right of the plaintiffs to retain that portion of the final judgment which has in fact been paid by the defendants. If the appellants are successful on this appeal they will merely be relieved of paying the balance of the judgment, but the appellees would not be required to return any portion of the judgment which has been paid. On the other hand, if the final judgment is affirmed or if it is reversed on the basis of appellees' cross-assignments of error, the net result in either event will be that the appellants will owe to the appellees some additional amount.
Rejecting an "acceptance of the benefits" argumenteven though the appellant had received a cashier's check in the full amount of a money judgment in his favor, after filing a notice of appealthe Giltex court said flatly that the rule "does not apply, when the amount found in favor of the litigant by the judgment or decree is due him in any event." Giltex, 583 So.2d at 736. The present case resembles Hougham where the Court allowed an appeal on the ground that the damages awarded were inadequate, even though the "inadequate" judgment had been paid and satisfied.

The Merits
Allowing an unlisted witness to testify, relieving the Westers of the effect of *1307 certain deemed admissions, and other procedural errors asserted by appellant do not amount to a reversible abuse of discretion. The evidence was legally sufficient to support the award on the counterclaim, and did not require a higher award on appellant's contract claim. Accordingly, we affirm the trial court's adjudication of the contract claim and the counterclaim. But we find the contention that the trial court erred in denying foreclosure persuasive, and we reverse the denial.
The pleadings established that Mr. Grant was a licensed contractor who contracted directly with the Westers to build their house; and that he had not received full payment of the contract price when he filed suit, within a year of recording the claim of lien. The Westers admitted that he served them on June 11, 1992, with the contractor's affidavit required by section 713.06(3)(d), Florida Statutes (1991), certifying that he had paid all potential lienors, and that he recorded and served them personally with a copy of his claim of lien on June 16, 1996. The evidence showed that the affidavits and claim of lien were timely and that all potential lienors other than Mr. Grant had in fact been paid.
Mr. Grant carried his burden, as proponent of the mechanic's lien, to prove compliance with the requirements of chapter 713, Florida Statutes (1991). Torres v. MacIntyre, 334 So.2d 59 (Fla. 3d DCA 1976); Stern v. Perma-Stress, Inc., 134 So.2d 509 (Fla. 1st DCA 1961).
A contractor must substantially comply with the statutory provisions governing a mechanic's lien before the lien may be foreclosed. Masterbilt Corp. v. S.A. Ryan Motors, Inc., 149 Fla. 644, 6 So.2d 818, 820 (1942); see Browne v. Park, 144 Fla. 696, 198 So. 462 (1940); Buker v. Webster, 140 Fla. 471, 191 So. 835 (1939); Southern Paint Mfg. Co. v. Crump, 132 Fla. 799, 182 So. 291 (1938).
Miracle Ctr. Dev. Corp. v. M.A.D. Constr., Inc., 662 So.2d 1288, 1291 (Fla. 3d DCA 1995); Browne v. Park, 144 Fla. 696, 198 So. 462 (1940); Corry Constr. Co., Inc. v. Hector Constr. Cos., Inc., 363 So.2d 1125 (Fla. 1st DCA 1978); 36 Fla. Jur.2d § 96.
"Where a contractor complies with all provisions of Chapter 713, Florida Statutes, and has substantially performed the contract, he is entitled to a mechanic's lien." Viking Communities Corp. v. Peeler Constr. Co., 367 So.2d 737, 739 (Fla. 4th DCA 1979)(citing Poranski v. Millings, 82 So.2d 675 (Fla.1955) and American Motor Inns of Fla., Inc. v. Bell Elec., 260 So.2d 276 (Fla. 4th DCA 1972)). Accord Casa Linda Tile & Marble Installers, Inc. v. Highlands Place 1981, Ltd., 642 So.2d 766 (Fla. 4th DCA 1994); John T. Wood Homes, Inc. v. Air Control Prods., Inc., 177 So.2d 709 (Fla. 1st DCA 1965); Oven Dev. Corp. v. Molisky, 278 So.2d 299 (Fla. 1st DCA 1973).[5] Whether the contract had been substantially performed at the time Mr. Grant stopped work was also at issue under the pleadings.
Substantial performance is a question of fact. But a clearly erroneous determination of this factual question requires reversal. Barth v. Florida State Contractors Serv., Inc., 302 So.2d 476 (Fla. 3d DCA 1974) (reversing failure to find substantial performance where evidence showed work was ninety per cent complete), decision quashed on other grounds, 327 So.2d 13 (Fla. 1976); Ocean Ridge Dev. Corp. v. Quality Plastering, Inc., 247 So.2d 72 (Fla. 4th DCA 1971) (reversing failure to find substantial performance where defendant's own witness testified in effect that the work was ninety-nine per cent complete when lienor left job site). The Ocean Ridge court said:
Substantial performance is that performance of a contract which, while not full performance, is so nearly equivalent to what was bargained for that it would be unreasonable to deny the promisee the full *1308 contract price subject to ... whatever damages may have been occasioned him by the promisee's failure to render full performance.
Id. at 75 (citing 3A Corbin on Contracts § 702 et seq.). A contractor has substantially performed if the omission is not so serious that it cannot be remedied by payment that does not exceed the contract price. American Motor Inns, 260 So.2d at 277 (citing Mathis v. Thunderbird Village, Inc., 236 Or. 425, 389 P.2d 343 (1964)). But see Viking Communities, 367 So.2d at 739 ("[D]amages are generally determined by the amount in excess of the contract price.").
Here the trial court awarded the unpaid portion of the base contract price ($8,000) plus net overages ($1,065.73) less damages to the owner ($1,325). A $1,325 reduction in an adjusted contract price of $57,565.73 reflects a finding of 97.7% completion of the project. This constitutes substantial performance under the contract. J.M. Beeson Co. v. Sartori, 584 So.2d 572 (Fla. 4th DCA 1991). The contractor's omissions were not "so serious that [they could] not be remedied by payment from the contract price." American Motor Inns, 260 So.2d at 277. Before the Westers moved into their new home, moreover, the Building Inspection Department of Jackson County had issued a certificate of occupancy. It was error not to allow foreclosure of appellant's mechanic's lien. Barth; Ocean Ridge Dev.
When a mechanic's lien is foreclosed, the prevailing party recovers attorney's fees as of right. § 713.29, Fla. Stat. (1991). "The award of attorney's fees and costs to the prevailing party in a mechanic's lien action serves to encourage settlement of disputes before resorting to litigation," C.U. Assocs., Inc., v. R.B. Grove, 472 So.2d 1177, 1178 (Fla.1985), or so it is hoped. But "to be a prevailing party entitled to the award of attorney's fees pursuant to section 713.29, a litigant must have recovered an amount exceeding that which was earlier offered in settlement of the claim." Id. at 1179. See R & M Cabinet Sales, Inc. v. Hallmark Bldg. Supply, 621 So.2d 1090, 1090 (Fla. 2d DCA 1993) ("[T]rial court ... must consider whether the settlement offer included costs, interest, and fees incurred by the settlement offeree up to the time of the offer.").
The Westers argue in their brief that they sought to settle the parties' dispute by offering payment. To preclude an award of attorney's fees, an offer of settlement must be timely, as well as adequate in amount. Although the matter is not entirely free from doubt, we align ourselves with the Second District in deciding that a sufficient offer must be made before a lawsuit is brought. All-Brite Aluminum, Inc. v. Desrosiers, 626 So.2d 1020, 1022 (Fla. 2d DCA 1993) ("The strongest support of our determination that it must be a prelitigation settlement offer is the supreme court's recognition in C.U. Associates that the award of costs and fees to the prevailing party in an action to foreclose a construction lien `encourage[s] settlement of disputes before resorting to litigation.'").
Because it denied foreclosure, the trial court did not reach the questions of the adequacy and timeliness of appellees' putative offers of settlement. We believe these issues are properly addressed by the trial court in the first instance. "[T]he offering party bears the burden of proof ... that the offer was in fact made, and made in good faith." C.U. Assocs., 472 So.2d at 1179. Accordingly, we reverse the judgment insofar as it denied foreclosure of the mechanic's lien, and remand for the award of attorney's fees, in the event the trial court does not find that the Westers made a timely, adequate offer of settlement. The judgment is otherwise affirmed.
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] The trial court's order of April 28, 1995, made the following findings:

Overages Allowed: Underages:
Cabinets $ 275.00 Fixtures $372.70
Appliances 83.54
Septic Tank 490.00
Floor Covering 378.43
Front Entrance 45.56
Stucco 165.90
 __________
Total Overages Allowed $ 1,438.43
Net Overages:
Overages Allowed $ 1,438.43
Underage 
 __________
Total Net Overages $ 1,065.73
Amount Awarded To Mr. Grant:
Base Contract Price $56,500.00
Net Overages 1,065.73
 __________
Total Award to Mr. Grant $57,565.73
Amount Awarded To The Westers On Their Counterclaim:
Interior Painting $ 600.00
Caulking 75.00
Closet Hole 75.00
Doorbell 75.00
Twisted Rakes 500.00
 __________
Total Award to Westers $ 1,325.00
Amount Owed To Mr. Grant By Westers Under The Contract:
Balance Awarded to Mr. Grant $57,565.73
Previously Paid to Mr. Grant 
Amount Awarded to Westers 
 __________
TOTAL DUE UNDER CONTRACT $ 7,740.73

[2] This sum represented $7,740.73 found to have been owing under the contract plus accrued interest of $2,637.82, plus costs of $1,023.50.
[3] Mr. Grant argues that the order entered on August 14, 1995, was unlawful, citing Campbell v. Jones, 648 So.2d 208 (Fla. 3d DCA 1994), among other cases. But see Waller v. DSA Group, Inc., 606 So.2d 1234 (Fla. 2d DCA 1992). The viability of the main appeal does not, however, turn on the validity of the trial court's order of August 14, 1995, a question we do not decide.

Nor has any motion for review of the August 14, 1995 orderwhich is the procedure contemplated by Florida Rule of Appellate Procedure 9.310(f), if review is to be hadever been filed. On cross appeal, the Westers' sole argument is that Mr. Grant should not be permitted to pursue an appeal: "The appellant should not have been allowed to continue with the appeal once the judgment was satisfied in full pursuant to Section 55.141, Florida Statutes."
[4] This is not a case where an appellant's payment of or other acquiescence in an adverse judgment waives by implication the appellant's right to review or renders the appeal moot. The Fifth District reports that, under the majority rule, if a defendant voluntarily pays a judgment entered against him, "the case is moot, but if the payment is involuntary, it does not result in a waiver of the right to appeal." Ronette Communications Corp. v. Lopez, 475 So.2d 1360, 1360 (Fla. 5th DCA 1985). In Florida the rule seems to be that, absent a stay, payment of a judgment is involuntary as a matter of law and "does not moot the judgment payor's appeal, provided the payment was not made by way of compromise or associated with an agreement not to pursue an appeal." Great American Ins. Co. v. Stolte, Inc., 491 So.2d 352, 352 (Fla. 4th DCA 1986); Ronette.

But the appellant here is not a "judgment payor." Mr. Grant has made no payment nor acquiesced in any aspect of the judgment adverse to him. The Westers, appellees in the main appeal, made payment under the immediate "threat of execution." Frank Silvestri Invs., Inc. v. Sullivan, 486 So.2d 20, 21 (Fla. 5th DCA 1986). See Slater v. Breakwater Homes Ass'n, 413 So.2d 148 (Fla. 4th DCA 1982); Reserve Ins. Co. v. McPeak, 181 So.2d 662 (Fla. 1st DCA 1966). As cross appellants, they rely only on argument that would be available to them as appellees, in any event.
[5] "It is equally true ... that a landowner who successfully resists a claim to enforce a mechanics' lien against his property is entitled to recover his attorney's fees. Say Serv., Inc. v. Willig, 473 So.2d 43 (Fla. 3d DCA 1985); Sanfilippo v. Larry Giacin Tile Co., 390 So.2d 413 (Fla. 4th DCA 1980). This result obtains even where judgment is entered against a landowner in his breach of contract action against the contractor. Snaidman v. Harrell, 432 So.2d 809 (Fla. 1st DCA 1983)." Metro-Centre Assocs. v. Environmental Engineers, Inc., 522 So.2d 967, 969 (Fla. 3d DCA 1988). The Westers have not sought attorney's fees on this appeal.